Holifield & Company *vs.* White.

J. A. HOLIFIELD & COMPANY, plaintiffs in error, *vs.* LOUISA A. WHITE, executrix, defendant in error.

1. Where two agree that one will furnish the land and stock, the other the labor and pay for it, and each to pay one-half the feed of the stock and laborers and all other plantation expenses, and thus make a crop, and when the crop is made they are to divide the same, share and share alike:

*Held*, that as to the crop made the contracting parties are *inter sese* partners.

2. This case distinguished from the cases of *Holloway vs. Brinkley*, 42 *Georgia*, 226, and *Smith vs. Summerlin*, 48 *Ibid.*, 425.

3. The wrongful user or appropriation by one partner of a portion of the partnership property, does not take the property so used or appropriated out of that provision of the Code which enacts that the interest of a partner in the partnership assets shall not be subject to levy and sale.

4. If the court charged the jury that if the arrangement between the parties was such as is disclosed by the witnesses in their testimony then they were partners; and if such was the legal effect of the evidence the verdict will not be set aside on that ground.

Partnership. Landlord and tenant. Levy and sale. Charge of Court. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

J. A. Holifield & Company sued out an attachment against James F. A. Royal for $500 20, besides interest, and had the same levied upon a one half interest in thirty-eight bales of cotton. A claim was interposed by James F. White. Pending the litigation the claimant died, and his executrix, Louisa A. White, was made a party in his stead.

The issues made upon the trial were, first, one of fact, to-wit: whether Royal had turned over to White his interest in the cotton made on the place cultivated by them jointly, in accordance with an agreement that the latter was to control the same until all indebtedness to him for advances, etc., was satisfied. Second, one of law, to-wit: whether the contract under which they farmed constituted them partners, for in the latter event, the partnership property could not be levied on under an attachment against one member of the firm. Upon the first point the evidence was conflicting. Upon the second,

the facts were undisputed, but the conclusions therefrom were denied.

The jury found the property not subject. Whereupon the plaintiffs moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in charging the jury as follows: "If White was to furnish the land and teams on his part, and Royal was to furnish the labor and pay for it, and White was to pay one-half the feed of the stock and laborers, and Royal the other half, and each was to pay one-half of all the other plantation expenses, and thus make a crop, and when the crop was made that they were to divide the same, share and share alike, this makes them partners."

2d. Because the court erred in refusing to charge the jury as follows: "If they believed that the contract constituted a partnership, and that White appropriated the partnership effects wrongfully to his own use, then it was a conversion by White of this property and dissolved the partnership, and made them tenants in common in the cotton as to the plaintiffs."

3d. Because the court erred in refusing to charge the jury as followers: "If Holifield & Company advanced to Royal the goods, not knowing that it was a partnership, then the property is liable."

The motion was overruled and the plaintiffs excepted.

JAMES M. RUSSELL, for plaintiffs in error.

INGRAM & CRAWFORD, for defendant.

TRIPPE, Judge.

White was to furnish the land and stock, and Royal the labor and pay for it. This made, as they rated it, each of them equal contributors towards the farming adventure into which they had agreed to enter. After that they were to bear equally the expense of feeding the stock and laborers, and all other plantation expenses, and thus make a crop, which was

to be theirs equally, and to be divided between them.  There was something more in this than a common interest in the profits.  It is different from the case of *Holloway vs. Brinkley*, 42 *Georgia*, 226, for there the stipulation was that one of the parties was to work the land furnished by the other, and *receive for his labor* one-half of the crop.  Nor was there any agreement, as there is in this, that the expenses of the venture were to be borne equally by the parties.  So in *Smith vs. Sumner*, 48 *Georgia Reports*, 425, there was no provision made that they were to share the expenses for working the farm. In fact, a contrary arrangement was agreed upon.  The owner of the land was to furnish the land, wagon and team, and necessary tools, and the stock, and to feed the latter, and was to let the other have bacon at a stipulated price.  The only item of expense that was to be equally paid by them was that of hauling the cotton to the gin and to market.  In the case under consideration, both parties were equally interested in the whole expenses of the enterprise after it was started—every item thereof—and also in the crop, the result or profits of the adventure.  This was evidently not an arrangement whereby one was merely to be paid for his labor in a certain way.  See *R. R. & D. Adam vs. T. J. Cater*, decided at the present term.  The Code, section 1919, especially enacts how the interest of a partner in the partnership assets may be reached, and that it shall not be subject to levy and sale.  See also section 3276; 40 *Georgia*, 104.  Before the Code, such an interest might be levied on and sold.  There is nothing in that provision of the Code which would make a wrongful act or user by one partner of a portion of the partnership property operate so as to take that portion out of the protection—so to call it—thus given to such property.  There was no dispute or conflict in the testimony as to the facts out of which arose the question whether or not a partnership existed.  The court charged the jury that if the arrangement between the parties was such as is disclosed by the witnesses in their testimony, then they were partners.  When the legal effect of undisputed evidence was to show that a partnership did exist, such a

charge was not in such conflict with section 3248 of the Code as to require that the verdict be set aside and a new trial granted solely on that ground.

Judgment affirmed.