DANIEL ADAMS, plaintiff in error, *vs.* THOMAS J. CARTER, defendant in error.

Where a father and son, both living on the place, *farm together* under an agreement that the father is to furnish the land and the stock and provisions for the stock, and the son to furnish the hands and to superintend the work, and the crop to be equally divided between them, and nothing more appears, they are, as to third persons, partners in the enterprise.

Partnership. Before Judge HILL. Houston Superior Court. May Term, 1874.

Carter brought complaint against R. R. & Daniel Adams for $199 38, besides interest. The defendant, Daniel Adams, leaded the general issue and no partnership.

Upon the question of partnership the evidence presented the following case: R. R. Adams was the son of Daniel Adams. They both lived on the farm of Daniel, and cultivated it under an agreement that the latter should furnish the land, stock and the provisions for the stock, whilst R. R. Adams furnished and paid the labor and superintended the same, the crop to be equally divided.

The court charged the jury that there being no question as to the correctness of the account as against R. R. Adams, that if the jury believed the facts to be as above stated, a partnership existed between the defendants, and they should find for the plaintiff. A verdict was rendered accordingly.

A motion was made for a new trial in behalf of Daniel Adams, on account of error in the charge aforesaid. The motion was overruled, and said defendant excepted.

H. M. HOLTZCLAW; S. D. KILLEN, for plaintiff in error.

DUNCAN & MILLER, for defendant.

McCAY, Judge.

The evidence shows that these parties *farmed together*, and that they were jointly interested in the profits and losses of the crop. This comes within the very letter of the definition of a partnership, as contained in the Code, section 1890. There is nothing in the evidence contained in the record to qualify this relation, nothing going to show that one was the servant of the other, or that one was the landlord and the other a cropper. They farmed together; both seemed to have had equal control and a joint ownership. Under the peculiar circumstances of the country growing out of the relation of the late slaves to their employers, we have construed these contracts not to be partnerships, when there was anything indicating such was not the intent. But there is nothing here at all qualifying the ordinary meaning of the contract, and we think the judge was right.

Judgment affirmed.