Reedy *vs.* Helms.

WILLIAM REEDY, plaintiff in error, *vs.* ARCHIBALD HELMS, defendant in error.

| 54 | 121 |
| 93 | 233 |
| 54 | 121 |
| 113 | 621 |
| 54 | 121 |
| f120 | 726 |

A defendant is sued in a justice court for less than $50 00, and pleads a tes-off to the amount of $90 00.  With the plea is filed an affidavit that the account pleaded as a set-off is just and correct:

*Held*, that an appeal lies from the judgment of the justice of the peace rendered in the case.

Justice Courts.    Appeals.    Before Judge JAMES JOHNSON. Talbot Superior Court.    September Term, 1874.

Helms brought suit against Reedy in the justice court for the nine hundred and fourth district, on an account for $34 98. The defendant pleaded set-off of an account for $97 85. The court rendered judgment for the plaintiff for $28 23. The defendant appealed to the superior court. In the latter tribunal the plaintiff moved to dismiss the appeal because the amount sued for by him was for less than $50 00. The defendant objected that his plea of set-off covered an amount exceeding $50 00. The motion was nevertheless sustained, and the defendant excepted.

MARION BETHUNE, by E. H. WORRILL, for plaintiff in error.

No appearance for defendant.

TRIPPE, Judge.

The constitution, in article v., section 6, ordains that "justices of the peace shall have jurisdiction, except as hereinafter provided, in all civil cases where the principal sum claimed does not exceed $100 00, and may sit at any time for the trial of such cases; but in cases where the sum claimed is more than $50 00, there may be an appeal to the superior court, under such regulations as may be prescribed by law." Does this give the right of appeal only in cases where the plaintiff claims more than $50 00, or does it allow the appeal when the defendant pleads a set-off greater than $50 00, although he be sued for a less amount than $50 00? We think it includes the right in both instances. A plea of set-off is a cross-action, and when it is filed the plaintiff cannot dismiss his action so as to interfere with such plea, unless by leave of the court on sufficient cause thereon : Code, section 2907. The policy of this constitutional provision was to secure trial by jury where the party's rights involved more than $50 00.

Whether the litigation is produced directly by the claim set up by the plaintiff or by plea of defendant against his adversary, the principle is the same ; the reason is as strong for a jury trial in one case as the other. Besides, does not the issue, whether presented by the one party or the other, involve a sum claimed which is more than $50 00 ? The constitution does not say where the sum claimed by the plaintiff is more than $50 00, but only speaks of the amount which is to be adjudicated. There is no possible reason which would make good the construction that the appeal is limited to cases where the plaintiff claims over $50 00. In this case the defendant pleaded a set-off, claiming more than $50 00 against the plaintiff, even if the latter's claim were allowed and deducted. The plea was sworn to. There was that guaranty that plaintiff was not to be vexed by frivolous litigation, and even if it finally appeared that he was, he had his right to damages for a frivolous appeal. In our opinion the proper construction of the constitution allows to the defendant the right of appeal, and the plaintiff would have had the same right, had judgment been rendered against him by the justice for the full amount of the set-off.

Judgment reversed.