for Roberts, but Roberts replied he had made other arrangements at that time. This was several weeks after the telegram should have been received. Witness was competent and able to do the work at any time from November 1, 1887, to November 1, 1888. His contract to work at Irwinton was for no definite period.

GEORGE W. GLEATON, for plaintiff.

BIGBY, REED & BERRY, for defendant.

---

## BELL v. DAVIS.

Where suit was brought in a justice's court upon an account for $94.80, to which the defendant filed a plea setting up that he was entitled to sundry credits amounting to $66.18, and also to a set-off of $13, and at the trial the plaintiff admitted that $65.78 of the amounts claimed by the defendant should be allowed, and thereupon a judgment for the plaintiff was rendered for $29.02, the balance claimed by him, from which judgment the defendant entered an appeal to the superior court, it was error to dismiss the appeal on the ground that the amount claimed in the court below was less than $50. The exercise of the right of appeal in such cases depends upon the amounts claimed in the pleadings, and not upon reductions which may be made at the trial. Code, §4157; *Reedy v. Helms*, 54 *Ga.* 121; *Taylor v. Blasingame*, 73 *Ga.* 111.

November 27, 1893.                                  *Judgment reversed.*

Appeal. Before Judge McWHORTER. Burke superior court. May term, 1893.

JOHNSTON & BRINSON, for plaintiff in error.

---

## BEACH & FARMER v. NETHERLAND.

1. A request to charge which is not adjustable to any correct theory of the evidence was properly refused.
2. There was no error in denying a new trial.    *Judgment affirmed.*

November 27, 1893.

Levy and claim. Before Judge McWHORTER. Burke superior court. May term, 1893.