## Cherry v. Strong.

Under the facts set forth in the plaintiff's affidavit to foreclose his alleged lien as a laborer, the relation between himself and the defendant was not a partnership, and it was therefore error to sustain the defendant's special demurrer, the ground of which was that, under these facts, the parties were partners. The question whether or not the plaintiff's affidavit was for any other reason defective, was not presented for adjudication by this court.

April 29, 1895.  Brought forward from the last term.

Foreclosure of laborer's lien.　Before Judge Griggs. Early superior court.　April term, 1894.

G. D. Oliver and W. D. Kiddoo, for plaintiff.

W. A Jordan, for defendant.

Lumpkin, Justice.

. An affidavit was made by Cherry for the purpose of foreclosing an alleged special lien in his favor as a laborer, against Strong, "agent for Mrs. A. A. Strong." An issue was formed, and at the trial the defendant moved to dismiss the plaintiff's case, upon the ground that the facts set forth in his affidavit showed that he was a partner of the defendant, and not a mere laborer.　This motion was sustained, and the plaintiff excepted.

The material portions of the affidavit were, in substance, as follows: On the 28th of October, 1892, Cherry, the deponent, contracted with Strong, as the agent of Mrs. Strong, to cultivate her lands for the year 1893. The same were to be planted in corn, cotton, etc.　Strong, as agent, was to furnish 140 acres of land, 4 head of horses or mules, a wagon, farming utensils sufficient to cultivate the land, 500 bushels of corn, 1,200 bundles of fodder, and "supplies for the laborers who he was to hire for three of the plows run on said farm."　Cherry "was to take charge of the four plows, and run them together; and he was to manage the whole farm and keep all the fences in repair, . . and do all that was

required to be done by a farm manager; for which services he was to have one fourth of what was made on said farm." The affidavit then proceeded to state that Cherry faithfully performed and completed his contract of labor; set forth the amounts of the crops made, the portion and value thereof to which Cherry was entitled, the amount he had received, and the balance still due him "for said labor performed by affiant, as aforesaid." Demand and refusal to pay etc. were also alleged.

The only question made before and passed upon by the trial court was whether or not, under the facts alleged, Cherry was a partner of Mrs. Strong. No question was raised as to the insufficiency or defectiveness of the plaintiff's affidavit in other respects; and therefore, in deciding the case, we have confined ourselves strictly to the issue of partnership or no partnership. If the plaintiff's affidavit does not with sufficient clearness and distinctness allege that he actually performed manual labor, and was therefore entitled as a laborer to a lien upon the defendant's property, the defect, upon being pointed out, would have been curable by amendment. We therefore deem it fair to decide only the one question above indicated, and leave open such other questions as may hereafter arise in the further progress of the case. We are quite clear that, under the facts presented, the contract alleged in the plaintiff's affidavit did not constitute a partnership between the parties. There are numerous decisions of this court in support of this conclusion.

In *Holloway* v. *Brinkley*, 42 *Ga.* 226, this court held that where there was a contract between a freedman and a land-owner to make a crop for one year, by the terms of which the latter was to furnish the land and stock, and the freedman to work the same and receive for his labor one half of the crop, no partnership between the parties resulted. This case was cited ap-

provingly in *Smith* v. *Summerlin*, 48 *Ga.* 425, where a very similar contract was under consideration and the same doctrine was announced.

The case of *Gurr* v. *Martin, executor*, 73 *Ga.* 528, is also very much in point. By the terms of the contract between these parties, Martin was to furnish Gurr a farm, stock to cultivate the same, implements, cotton-seed and guano, and also to advance certain supplies for Gurr's support. Gurr was to furnish the necessary labor to cultivate the farm "and feed for said labor"; to make, gather and house the crops, repair fences, "and perform such other service as is usually done on a farm"; for all of which he was to receive one half of the crops made, gathered and housed by him, and also one half of certain hogs. Under these facts, it was held that the contract did not constitute a partnership between the parties. And see, also, *Almand* v. *Scott & Co.*, 80 *Ga.* 95.

In view of the cases above cited, and others which might be cited to the same effect, there is no difficulty in holding that in the present case no partnership existed. The contract simply contemplated that Cherry was to be paid for his services one fourth of what was made upon the farm. The fact that his compensation would vary according to the size and value of the crops produced, would make no difference; for it might well be stipulated that the measure of his wages should depend upon the diligence and success with which he performed his work. If he really performed manual labor in the production of the crops, he was as much a laborer as though his wages had been payable in money. He had no joint interest in the property used in the business, nor a joint interest in its profits and losses; but the price of his services was simply to be measured by the results of his labor.

The court erred in dismissing the plaintiff's case on the ground stated.          *Judgment reversed.*