CALHOUN *v.* CITIZENS BANKING COMPANY.

LITTLE, J.  1. A plea of set-off is a cross-action, and after it is filed the defendant is, in any event, entitled to prove his case and have judgment against the plaintiff, if it is authorized by the evidence.  This right the plaintiff can not defeat by dismissing his action ; nor should the court on its own motion dismiss or nonsuit the case, and thus deprive the defendant of his right to proceed and make out his cross-action against the plaintiff.  Civil Code, § 3754 ; *Reedy* v. *Helms,* 54 *Ga.* 121; *Crane* v. *Barry,* 60 *Ga.* 363 ; *Lewis* v. *Wall,* 70 *Ga.* 648.
2. When a plea of set-off has been filed in a case, it becomes a part of the record thereof, and as such may, in the submission of a motion by counsel, be so treated, without actually "exhibiting" it to the court for inspection.

*Judgment reversed.  All the Justices concurring.*

Submitted May 7,—Decided May 25, 1901.

Complaint.   Before  Judge  Smith.   Wilcox  superior  court. September 26, 1900.

The banking company sued on an open account for a sum alleged to be due as an overdraft, and the defendant filed a plea denying the alleged indebtedness, and setting up, by way of set-off and counter-claim, deposits alleged to have been made by him with the plaintiff and not credited to him, to an amount in excess of the plaintiff's claim, and certain sums alleged to have been paid by him for protest fees on checks drawn by him on the plaintiff ; and he prayed judgment against the plaintiff for the amount alleged to be due him.   At the trial the defendant's counsel, at the conclusion of the testimony introduced by the plaintiff, stated that, while he was entitled to a nonsuit, he did not ask for it, but he moved to rule out certain testimony.   The court ruled out the testimony, and awarded a nonsuit.   The defendant's counsel then stated to the court that, as the defendant had filed a set-off and counter-claim, he would go ahead and make out his case before the jury and ask for a judgment on the counter-claim.   The court refused to allow the defendant to do this, and he excepted.   The court, in a note to the bill of exceptions, says that counsel for the defendant did not exhibit his plea to court, but orally stated that he had a plea of the kind above mentioned.

*J. L. Bankston* and *Martin Cannon,* for plaintiff in error.
*Hal Lawson, Eldridge Cutts,* and *W. M. Clements,* contra.