## HODGES & DANIEL *v.* ROGERS.

1. If the defendant in action in a justice's court upon an unconditional contract in writing fails to make a defense at the first term, and thus loses his right to defend, the plaintiff does not, merely by contesting with the defendant at a subsequent term of the justice's court the merits of the case, and, as a consequence, losing the same, waive the right, upon the trial of an appeal which the plaintiff himself enters to the superior court, to object to the filing therein of an answer by the defendant on the ground that it comes too late.

2. Where one person owns and operates a sawmill at his own expense, and another person at his own cost furnishes the mill with logs to be converted into lumber, and each is to have one half thereof, they are not partners, but the latter is merely the customer of the former, who receives a half of the product of the logs as compensation for his services as manufacturer.

Submitted May 1, — Decided July 19, 1902.

Appeal. Before Judge Evans. Tattnall superior court. December 4, 1901.

*E. J. Giles* and *J. K. Hines,* for plaintiffs in error.
*W. T. Burkhalter,* contra.

LUMPKIN, P. J.    An action upon a draft was brought by Rogers in a justice's court against Hodges & Daniel, an alleged partnership, and the individual members thereof.    The case was not tried at the first term of that court, but was continued.    At the next term a defense was interposed, and the magistrate rendered a judgment with which the plaintiff was dissatisfied, and he entered an appeal to the superior court.    After the case reached that court, and some time before it was tried therein, Hodges, one of the defendants, filed in the clerk's office an answer in which he set up a good defense to the plaintiff's action.    At the trial the question arose whether or not Hodges had made any defense in the justice's court at the first term thereof, the plaintiff insisting that he had not, and Hodges asserting the contrary.    Upon the issue thus formed the evidence was conflicting and sufficient to authorize a finding either way.    This issue and that arising upon the merits of the defendant's

answer were submitted both together to the jury, who returned a verdict for the plaintiff. Thereupon Hodges made a motion for a new trial, which was overruled, and he excepted.

1. In the motion complaint is made of instructions which the court gave to the jury, to the effect that if the defendant Hodges did not appear and enter a defense at the first term in the justice's court, the written answer filed in the superior court came too late; and in that event the jury should return a verdict for the plaintiff. Exception was taken to these instructions, on the grounds, (1) that there was no evidence upon which to base the same; and (2) because after a trial on the merits in the justice's court at the second term, resulting in a judgment against the plaintiff, it was too late for him to make the point in the superior court that the defendant Hodges was not entitled to file therein the written defense on which he relied. It will be seen from the preliminary statement above that the first of these objections was not well founded, there being evidence from which the jury might have found that Hodges did not in fact enter any defense at the first term in the justice's court. Nor, in our opinion, is there any merit in the other criticism made upon the charge of the court. It is true that the plaintiff might, at the second term in the magistrate's court, have made and sustained the point that it was then too late for Hodges to enter a defense, if he had failed to do so at the first term. The fact that the plaintiff did not make this point may fairly be said to have amounted to a waiver of his right to insist on it at that time; but we do not think this waiver extended beyond the second term of the justice's court, or was binding upon the plaintiff at any subsequent stage of the case. In *Morgan* v. *Prior*, 110 *Ga.* 791, it was ruled that: "It is too late, on the trial of an appeal in the superior court from a judgment rendered in a justice's court upon an unconditional contract in writing, for the defendant to file a plea, when it affirmatively appears that no defense whatever was made in the lower court at or before the first term of the case." It is proper in this connection to remark that there is no exception to the charge of the court on the ground that the draft sued upon was not an unconditional contract in writing. Accordingly, whether it was or was not such an instrument, it must be treated for the purposes of this case as if it were. An examination of the case just cited will show that upon its facts it is one very similar to the case in hand. If the de-

fendant Hodges failed to make a defense at or before the first term in the magistrate's court, he lost his right to plead in the superior court, and can claim nothing from the fact that he was without objection allowed to insist upon a defense at the second term of the magistrate's court.

2. It being impossible to determine how the jury found upon the issue referred to above, the error pointed out below requires a new trial. The evidence at the trial in the superior court showed that Daniel owned a sawmill and operated it at his own expense. Under a contract between himself and Hodges, the latter, at his expense, carried logs to the mill, which were manufactured into lumber by Daniel, and the lumber then became the joint property of these parties, each owning an undivided half interest therein. In this connection the court charged: "If you find that there was a partnership agreement, and that was this: that one was to furnish the mill and the other the logs, and the common product was the joint property of both,—then that would be partnership, and Hodges would be liable for the debt contracted by Daniel, and Daniel would be liable for any debt contracted by Hodges in the course of that partnership." Complaint is made that this "charge was erroneous because there was no evidence on which to base said charge, and because the same was an incorrect statement of the law." We are of the opinion that these exceptions are well taken. As will have been seen, Daniel, under the contract, operated the mill at his own expense, while Hodges furnished the logs at his individual cost. The latter had nothing to do with operating the mill, and the former had nothing to do with furnishing the logs. It was really the simple case of a mill-owner converting the logs of a customer into lumber, and receiving one half of the product as compensation for manufacturing the same. It is clear, therefore, not only that the charge complained of was not a correct statement of the law, but that, under the facts appearing, it was prejudicial to the defendant Hodges. For this reason he is entitled to a new trial.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*