## PADGETT *v.* FORD.

1. An attachment serves the office of an execution, within the meaning of the act of 1874 (Acts 1874, p. 85 ) ; and where the amount of the attachment, or the value of the property levied on, exceeds $50, either party in a claim case may appeal to the superior court.
2. An agreement by which A, the owner of land, was to furnish timber, and B was to convert the timber into cross-ties and deliver the same to A, by whom they were to be sold, and the profits were to be equally divided between the two, did not create a partnership.  B's interest was in the proceeds.  He had a common interest in the profits, but no title to the cross-ties ; and if he loaded them on cars and took a bill of lading therefor in his own name, he could not, by a sale of the property and a delivery of the bill of lading, convey title to an innocent purchaser, good as against A.
3. But if A, after such a sale, sued out an attachment against B for the purchase-money of the ties, and the same was levied thereon as the property of B, and judgment taken on the attachment against the property, A thereby waived the tortious conversion and ratified the sale.

Argued January 13,— Decided April 6, 1903.

Attachment and claim — appeal.    Before Judge Bennet.    Coffee superior court.    April 8, 1902.

On January 26, 1900, Padgett sued out an attachment for $100, against Parker, "for the purchase-money of a car-load of cross-ties."    The attachment was levied on the ties as the property of Parker.    On February 5, Ford filed a claim to the property.    On the trial of the attachment case, March 22, Padgett recovered a judgment for $44.60, being the value of the car-load of ties, "to be satisfied out of said property," and on the same day the claim case was heard, and the property found subject to the attachment.    Ford appealed to the superior court, where Padgett moved to dismiss the appeal, on the ground that it appeared that the judgment on the attachment suit was for $44.60, and that the prop-

erty claimed was worth less than $50. The court refused to dismiss the appeal. The only testimony offered in the claim case was that of Padgett, who testified that he owned timber, and by agreement Parker was to cut ties and bring them to Padgett, who was to sell them and give Parker one half of the profits. Parker had no interest in the timber, but only a working interest in the ties. Parker was to furnish the mules, and was to cut the ties, haul them to the railroad, and load them on the cars. Padgett swore: "I did not consider that I was in a copartnership with him. We were to share the profits, but nothing was said about the losses." Parker hauled and delivered to Padgett a car-load of ties, which were loaded on the car. Padgett told him to go to the railroad agent and get a bill of lading and bring it back to him. Instead of this, Parker had the bill of lading made out in his own name, and sold the ties and delivered the bill of lading to Ford.

The court directed a verdict in favor of the claimant. Padgett assigns error on the refusal of the court to dismiss the appeal, and in directing the verdict.

*Hendricks & Harrison*, for plaintiff.
*Perry & Tipton*, for claimant.

LAMAR, J. The right to appeal is fixed by the pleadings, and not by the amount of final judgment. Where an attachment for more than $50 is levied on property worth less than $50, and a claim thereto is filed, and judgment for less than $50 is rendered in favor of the plaintiff in attachment, and subsequently, on the trial of the claim case, the property is found subject to the attachment, the claimant may appeal to the superior court. *Taylor* v. *Blasingame,* 73 *Ga.* 112; *Bell* v. *Davis,* 93 *Ga.* 233; Civil Code, § 4453; *Thurman* v. *Cargill,* 54 *Ga,* 663.

Padgett furnished the timber. Parker was to cut, haul, and deliver ties to Padgett, who was to sell the same and then divide the profits. The parties did not regard themselves as partners, did not work together in the enterprise, as in *Adams* v. *Carter,* 53 *Ga.* 160, and *Urquhart* v. *Powell,* 54 *Ga.* 30; nor was Padgett bound to pay any part of the expense of feeding the stock, or to bear any of the cost of hauling and delivering, as in *Holifield* v. *White,* 52 *Ga.* 567. Parker took no title to the ties, and had no right to sell them. He was not treated as principal or co-owner. His only interest being

in the money that arose from the sale ; and that interest was intended as compensation for his labor and services.    Civil Code, §§ 2629, 2626.    It is now the settled law of this State, that if one furnishes land or material and another does the labor necessary to produce the thing to be sold, and the latter receives a part of the profits as compensation for his services, no partnership is created. *Thornton* v. *McDonald*, 108 *Ga.* 3 ; *Thornton* v. *George*, 108 *Ga.* 9 ; *Cherry* v. *Strong*, 96 *Ga.* 185 ; *Jordan* v. *Jones*, 110 *Ga.* 47.    The analogous rule as to croppers, laid down in *Appling* v. *Odom*, 46 *Ga.* 583, has been codified.    Civil Code, § 3131.    If, then, there was no partnership, Parker had no right to sell ; and even if he procured a bill of lading in his own name, he could not, by delivering the ties and bill of lading to an innocent purchaser, divest the title of the true owner, who could have maintained trover against Parker, or against Ford, the purchaser.    But he was not bound to do so.    He could waive the tort, adopt the transaction, and institute an action of assumpsit against Parker.    When he made this election, sued out an attachment for the purchase-money of the cross-ties, had the attachment levied thereon as the property of Parker, and obtained a judgment subjecting them to the payment of the purchase-money debt, he could not be heard afterwards to deny that they had been the property of Parker.    Civil Code, §§ 3811, 3903 ; *Cragg* v. *Arendale*, 113 *Ga.* 181 ; Cooley on Torts, *92.    In such a case Ford as the purchaser from Parker obtained a title, whether he had notice of the relation between Padgett and Parker or not ; and the court properly directed a verdict in favor of Ford as claimant.            *Judgment affirmed.    By five Justices.*