### 'WHEELESS v. CARTER.

Where, to an action in a county court for less than fifty dollars, the defendant files a plea of set-off in which he claims more than that sum of money, and judgment is rendered for the plaintiff, the defendant may appeal the case to a jury in the superior court.

Submitted June 13,—Decided July 14, 1904.

·Appeal. Before Judge Mitchell. Berrien superior court. October 14, 1903.

*Hendricks & Harrison*, for plaintiff in error.
*Buie & Knight*, contra.

CANDLER, J. Carter brought suit against Wheeless, in the county court of Berrien county, on a promissory note for $49.40, besides interest, on which was a credit for $8.32. The defendant filed a plea denying indebtedness on the note, and also pleaded set-off in the sum of $64.30, for which amount he prayed judgment. The judge of the county court, apparently without the intervention of a jury, rendered judgment for the plaintiff for the amount sued for. The defendant took the case by appeal to the superior court. When the case was called in that court counsel for Carter moved to dismiss the appeal, on the ground that the amount claimed was less than fifty dollars, and that, under the provisions of the Civil Code, § 4215, certiorari, and not appeal, was the remedy of the losing party in the county court. This motion was sustained and the appeal dismissed; whereupon Wheeless brought the case to this court by bill of exceptions.

The ruling complained of was erroneous. A plea of set-off is a cross-action, and after it is filed the defendant is in any event entitled to prove his case and have judgment against the plaintiff, if it is authorized by the evidence. *Calhoun* v. *Citizens Banking Co.*, 113 *Ga.* 621. In determining whether appeal or certiorari is the proper remedy, the pleadings alone determine the amount involved in the suit. *Bell* v. *Davis*, 93 *Ga.* 233. And in the case of *Reedy* v. *Helms*, 54 *Ga.* 121, which is directly in point and controlling of the case at bar, it was held that where a defendant was sued in a justice's court for less than fifty dollars, and pleaded a set-off to the amount of ninety dollars, an appeal lay from the judgment of the magistrate. In the opinion rendered by Judge Trippe it was said: "Whether the litigation is produced directly by the claim set up by the plaintiff or by plea of defendant against his adversary, the principle is the same; the reason is as strong for a jury trial in one case as in the other."

We note the contention in the brief of counsel for the defendant in error, that "Plaintiff in error only claims set-off of $32.10," but this assertion is not borne out by the record sent to this court. The first item sought to be set off amounted to $32.20; and while the remaining items appear somewhat vague as to their nature, the entire amount aggregates $64.30, and judgment for that sum is prayed. No demurrer was filed to the plea of set-off for indefiniteness, and none of the items claimed seem to have been

abandoned; and so the plea must stand here as a valid plea of set-off. From what has been said it follows that a reversal of the judgment must result.

*Judgment reversed. All the Justices concur.*