### 825.   CROFT *v.* BROXTON ARTIFICIAL STONE WORKS.

Where a defendant who is sued in a justice's court for less than $50 pleads a set-off to the amount of $84, and a judgment is rendered against him, he can enter an appeal from the judgment of the justice to a jury in the superior court.

Appeal, from Coffee superior court—Judge Parker.          October 8, 1907.

Submitted January 20,—Decided March 30, 1908.

*Lankford & Dickerson,* for plaintiff in error.

*Philip Newbern, McDonald & Quincey,* contra.

HILL, C. J.  The Broxton Artificial Stone Works brought suit against Croft in a justice's court, for $51, being a balance due on his subscription for ten shares of stock.  When the case was called for trial, the attorney for the plaintiff, with the consent of the attorney for the defendant, reduced the amount for which the suit was brought, from $51 to $43.39.  The defendant pleaded a set-off to the amount of $84.  A judgment was rendered in favor of the plaintiff, for $43.41; and the defendant entered an appeal to a jury in the superior court.  When the case was called in the superior court, a motion was made to dismiss the appeal, because the amount claimed in the justice's court was less than $50, and because the amount in controversy at the trial before the justice was not more than $50, and therefore there was no right of appeal from the judgment rendered in the justice's court to a jury in the superior court.  The court sustained the motion and dismissed the appeal, and this judgment is assigned as error.

The single question made in the bill of exceptions has been expressly ruled by the Supreme Court in *Reedy* v. *Helms,* 54 *Ga.* 122, where it is held that where a defendant was sued in the justice's court for less than $50, and pleaded a set-off to the amount of $90, and the justice rendered a judgment in favor of the plaintiff for $28, an appeal lay from the judgment of the magistrate. In the opinion it is said, "Whether the litigation is produced directly by the claim set up by the plaintiff, or by plea of defendant against his adversary, the principle is the same; the reason is as strong for a jury trial in one case as in the other."  This ruling was followed in the case of *Wheeless* v. *Carter,* 120 *Ga.* 725 (48 S. E. 121).  The decision seems to be based upon the idea that a plea of set-off is a cross-action, which would entitle the defendant to prove his case and have judgment against the plaintiff, if authorized by the evidence.  *Calhoun* v. *Citizens Banking Co.,* 113 *Ga.* 621 (38 S. E. 977).  In determining whether an appeal, or certiorari, is the proper remedy, the pleadings which embrace the defendant's claim of set-off determine the amount involved in the

suit. *Bell* v. *Davis, 93 Ga.* 233 (18 S. E. 647). The plaintiff's suit in the justice's court being originally for $51, under the decision in the case of *Bell* v. *Davis,* supra, it would seem that the right of appeal existed, notwithstanding the reduction from the amount of the claim made at the trial.

It is insisted by counsel for defendant in error that the plaintiff in error can not in this court rely upon a plea of set-off, since he did not insist on it in resistance to the motion to dismiss the appeal in the superior court. The bill of exceptions does not specify what objection the plaintiff in error urged in the court below to the dismissal of his appeal, but it does specify that the motion to dismiss was based upon the ground that "the amount in controversy at the trial before the justice of the peace was not more than $50, so as to allow the losing party the privilege of appealing the same to a jury in the superior court." The court's attention was therefore called to the amount in controversy, which embraced not only the amount sued for, but also the amount of the set-off.

*Judgment reversed.*