### 16981.   OWENS *v.* COLLEGE PARK SUPPLY COMPANY.

BELL, J.  1. Although the amount claimed by the plaintiff in a suit in a justice's court may be less than $50, where to such suit the defendant files a plea setting up a counter-claim in which he seeks a judgment against the plaintiff for more than $50 but not exceeding the maximum jurisdictional amount of $100, and judgment is rendered for the plaintiff, the defendant may appeal the case to a jury in the superior court. *Reedy* v. *Helms*, 54 *Ga.* 122; *Wheeless* v. *Carter*, 120 *Ga.* 725 (48 S. E. 121); *Croft* v. *Broxton Artificial Stone Works*, 4 *Ga. App.* 92 (60 S. E. 1015); *Bowers* v. *Williams*, 17 *Ga. App.* 779 (88 S. E. 703); Civil Code (1910), §§ 4742, 4998.

2. But where to such a suit the defendant pleads a counter-claim in which he prays for a judgment against the plaintiff for an amount in excess of $100, he can obtain no relief in the justice's court except to have "the claim of the plaintiff credited with that of the defendant, and thus defeat a recovery by the former." *Ware* v. *Fambro*, 67 *Ga.* 515 (3); Civil Code (1910), § 4759.  Under these circumstances, the defendant not being entitled to any judgment against the plaintiff on the counter-claim, the plaintiff's claim fixes the amount in controversy; and, where that does not exceed $50, there can be no appeal to the superior court.

3. Where, to a suit on an account to recover $44.22 as the purchase-price of certain lumber and other building materials, the defendant pleaded that the plaintiff had not sold him the materials but had undertaken to build a house for him for a certain price stated, and was to construct the same with good material and in such manner that the house would be habitable as a dwelling, "but, instead of doing this, plaintiff constructed said cottage of very inferior material and of inferior workmanship," that the roof was so constructed that it was "not sufficient to turn ordinary rains, and during and after such rains the whole of the floor space of said house was drenched in and with rain-water, thereby injuring and damaging this [defendant's] furniture and especially his beds and bedclothing," and further pleaded that he had fully paid the plaintiff the price agreed on for constructing the building, and had "advanced plaintiff" "$79.84 more than the contract price," and prayed "that he recover of the plaintiff the said amount of $79.84 plus $100 damage which is due to the failure of the plaintiff to build said cottage in terms of said contract, and that the defendant have judgment against the plaintiff for that sum," and where, after a verdict in favor of the plaintiff for the amount sued for, the defendant appealed the case to the superior court, that court properly dismissed the appeal on the ground that the amount in controversy did not exceed $50.  Compare *Yon* v. *Baldwin*, 76 *Ga.* 769.

4. The above conclusion is not altered by the circumstance that the facts as to the overpayment, or as to the plaintiff's breach and the defendant's

Justices of the Peace, 35 C. J. p. 532, n. 40, 44; p. 729, n. 22, 27 New.

damage, may not have been well pleaded. *Southern Railway Co.* v. *Gordon*, 9 *Ga. App.* 469 (71 S. E. 763).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 20, 1926.

Appeal; from Fulton superior court—Judge E. D. Thomas. October 23, 1925.

*J. J. Barge,* for plaintiff in error. *W. S. Northcutt,* contra.