18510.   ARMSTRONG & BROTHER COMPANY *v.* CRANE.

The judge of the superior court erred in overruling the certiorari, and in remanding the case to the trial judge "to pass upon the questions raised in the oral motion for a new trial made by the defendant."

Decided December 13, 1927.   Rehearing denied January 7, 1928.

Certiorari; from Fulton superior court—Judge Moore. September 12, 1927.

Courts, 15 C. J. p. 987, n. 61.

Application for certiorari was made to the Supreme Court.

*Burress & Dillard, T. B. Clarkson,* for plaintiff.

*John P. Haunson, Aldine & Hewitt W. Chambers,* for defendant.

BLOODWORTH, J. R. S. Armstrong & Brother Company sued Sam. C. Crane in the municipal court of Atlanta, on four promissory notes aggregating $485.32 (besides interest and attorney's fees), and upon an open account for $12.15, making the total principal sued for $497.47. The defendant in his answer pleaded a set-off in damages amounting to $1250. The case was tried on June 15, 1926, and the jury rendered a verdict in favor of the plaintiff. On that date the defendant made an *oral* motion for a new trial. On February 7, 1927, the motion for a new trial came up for a hearing, and Hon. J. B. Ridley, one of the judges of the municipal court, passed the following order: "The court is of the opinion that there is no *legal* motion for new trial pending in this case, and all attempted motions are dismissed." On February 17, 1927, the defendant filed an appeal to the appellate division of the municipal court; and on March 29, 1927, the appellate division held that the trial judge erred in dismissing the defendant's motion for a new trial, and remanded the case to the trial judge, with direction that he pass on the motion. The plaintiff then carried the case by certiorari to the superior court, complaining that the appellate division of the municipal court erred in ordering the trial judge to pass on the defendant's motion for a new trial. On September 12, 1927, Hon. V. B. Moore, judge of the superior court, overruled the certiorari, and remanded the case "to J. B. Ridley, judge, to pass upon the questions raised in the oral motion for a new trial, made by the defendant." To this judgment the plaintiff excepted and assigned error thereon, bringing the case to this court.

The only question involved is: was the *oral* motion for a new trial, filed by the defendant Crane, a *legal* motion? The act of 1913 (Ga. L. 1913, p. 167, section 42, subdivision (a), relative to new trials in the municipal court of Atlanta) provides that "any party to said cause, or his counsel, may make an oral motion for a new trial in said court, . . and no brief of the evidence shall be necessary." However, this act has been amended, and the act of 1925 (Ga. L. 1925, p. 383, sec. 42) provides that "new trials may be granted in said court upon the same grounds upon

which new trials may be granted in the superior courts of this State, *and according to the same method of procedure,* except . . Any party to said cause or his counsel may make an oral motion for a new trial in said court, where the amount sued for, *or the value of the property sued for or claimed,* is for the sum of not more than $500 principal, exclusive of attorney's fees, interest, and costs." See also page 379, sec. 37, of said act. The effect of these amendments as embodied in the act of 1925 is that if the amount sued for, or the value of the property sued for or claimed, is over $500, exclusive of attorney's fees, interest, and costs, the motion for a new trial must be in writing, according to the same method of procedure that prevails in the superior court. It is true that the principal amount sued for by the plaintiff aggregates only $497.47; and so far as plaintiff's petition is concerned, an oral motion for a new trial would have been sufficient. Neither is this altered by the fact that notice was given that attorney's fees would be claimed, and attorney's fees would make the amount claimed by plaintiff exceed $500. While the amount of attorney's fees of which notice has been given, when added to the principal, may cause the amount sued for to exceed the jurisdiction of a justice's court, this ruling is not applicable in the instant case, because of the special statutory provision fixing the amount at $500, "exclusive of attorney's fees."

The defendant pleaded a set-off in damages amounting to $1250, and prayed for a judgment for that amount. In our opinion it is this fact which necessitated a written motion for a new trial, under the statute as amended. It will be noted that the "amount sued for" is not the only amount involved in the amendatory statute of 1925. It may be the amount "sued for," or it may be the amount "claimed to be due," or it may be the value of the property sued for *or* claimed. If more than $500 is sued for *or* claimed by either party, the lawmaking body considered it of sufficient import to apply the rule applicable to superior courts. And this is in accordance with our general system of jurisprudence. The amount involved, and consequently the importance of the litigation, is what governs. Exactly the same principle of law, relative to amount, is involved in this case as in cases of appeal from a justice's court. As to justices' courts the Civil Code, §§ 4742, 4738, provides for an appeal where "the

sum claimed exceeds $50," and nothing is said in the code section about a set-off of a larger amount than $50 permitting an appeal; yet this court, in *Croft* v. *Broxton Artificial Stone Works*, 4 *Ga. App.* 92 (60 S. E. 1015), held: "Where a defendant who is sued in a justice's court for less than $50 pleads a set-off to the amount of $84, and a judgment is rendered against him, he can enter an appeal from the judgment of the justice to a jury in the superior court." This decision and others like it show conclusively that a set-off, even though no direct reference to it is made in the statute, must be taken into consideration in determining procedure which is dependent on the amount involved, as in the instant case. Neither does the fact that the defendant's claim was partially stricken alter the rule. It is the amount claimed that requires the superior-court procedure. In *Bell* v. *Davis*, 93 *Ga.* 233 (18 S. E. 647), the Supreme Court held: "Where suit was brought in a justice court upon an account for $94.80, to which the defendant filed a plea setting up that he was entitled to sundry credits amounting to $66.18, and also a set-off of $13, and at the trial the plaintiff admitted that $65.78 of the amounts claimed by the defendant should be allowed, and thereupon a judgment for the plaintiff was rendered for $29.02, the balance claimed by him, from which judgment the defendant entered an appeal to the superior court, it was error to dismiss the appeal on the ground that the amount claimed in the court below was less than $50. The exercise of the right of appeal in such cases *depends upon the amounts claimed in the pleadings,* and not upon reductions which may be made at the trial." (Italics ours.) The amount claimed by the defendant in the pleadings in the instant case was $1250. See also *Dyar* v. *Scott*, 99 *Ga.* 96 (24 S. E. 855); *Padgett* v. *Ford*, 117 *Ga.* 508 (43 S. E. 1002); *Wheeless* v. *Carter*, 120 *Ga.* 725 (48 S. E. 121); *Reedy* v. *Helms*, 54 *Ga.* 122. The principle of law announced in the foregoing cases is applicable to and controlling in the instant case.

Since the amount claimed, as shown by the pleadings, exceeded $500, and there was no written motion for a new trial, or brief of evidence, or order granting an extension of time for procuring the same, the trial judge properly held that there was no legal motion before the court; and the judge of the superior court erred in overruling the certiorari and remanding the case to the trial judge

"to pass upon the questions raised in the oral motion for a new trial, made by the defendant."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*