## BENTON *v.* WHITE.

No. 11932. DECEMBER 1, 1937. ADHERED TO ON REHEARING, DECEMBER 16, 1937.

*Smith & Smith,* for plaintiff in error.

*W. H. Key, MacDougald, Troutman & Arkwright,* and *Harllee Branch Jr.,* contra.

ATKINSON, Presiding Justice. ■ Separate proprietors of two adjoining lots of land were selling gravel to contractors from their respective lots for road construction. To avoid competition they verbally agreed to unite and authorize one of them to make sales and collections, allowing the contractors to take gravel from either lot, and the vendors to divide the proceeds equally. *Held,* that this does not constitute a partnership. Code, § 75-101; *Thornton* v. *George,* 108 *Ga.* 9 (33 S. E. 633); *Hodges* v. *Rogers,* 115 *Ga.* 951 (2) (42 S. E. 251); *Padgett* v. *Ford,* 117 Ga. 508 (2) (43 S. E. 1002). See also discussion of the subject in *Smith* v. *Hancock,* 163 *Ga.* 222, 229 (136 S. E. 52), where under different facts from those involved in the instant case, the relation between the parties was held to be a partnership.

■ In the absence of insolvency of the party selling, the judge erred, in a suit by the other party, in granting an injunction restraining, until the final trial, the selling party from selling and collecting for gravel on his own land in violation of the contract. The petition was founded on the principle of partnership, but the uncontradicted testimony of the parties themselves shows the case as above indicated.

*Judgment reversed. All the Justices concur, except Russell, C. J. and Hutcheson, J., who dissent.*

JENKINS, Justice, concurring in the judgment only. Irrespective of the question whether a partnership did or did not exist, I do not think, under the pleadings and facts of this case, that the grant of an injunction was authorized.