## MORRIS *vs.* ROOT.

1. Where the proof is that the plaintiff, having ceased to sell goods to the defendant, then sells them to his wife on her own credit, and so charges them, such a sale does not bring the previous account of the husband, which has stood for more than four years, within the statute of limitations.

2. Open accounts are barred after four years from the time when the right of action accrues. Accounts between merchant and merchant, which concern the trade of merchandise, have been made an exception to the rule, and to this have been added mutual accounts between others than merchants.

3. Where a sale of goods has been made, in the absence of proof of either contract or custom concerning payment therefor, the presumption is that the amount is payable on delivery.

4. The contract of a wife for goods sold to her on her own credit alone is not binding on the husband, though the seller may have expected her to get the money from her husband.

Husband and wife. Statute of limitations. Presumptions. Contracts. Before Judge LESTER. Cobb Superior Court. November Term, 1879.

Reported in the decision.

F. A. IRWIN; JOHN E. MOSELEY, for plaintiff in error.

RICHARD WINN; W. T. & W. J. WINN, by A. C. KING, for defendant.

CRAWFORD, Justice.

This suit was brought against the plaintiff in error upon an open account, the first item of which was purchased

January 11th, 1869, and the last May the 15th, 1877. The defendant pleaded the general issue and the statute of limitations. The testimony shows that the account on the plaintiff's books was charged against the defendant, Morris, to October 29th, 1873, and on April the 7th, 1874, and thence forward, to Mrs. Morris, the wife of the defendant. This change was made as Morris swears because further credit was denied to him. He is supported in this by the testimony of William K. Root, and it is not denied by the plaintiff himself, who only swears that he does not recollect positively refusing him credit. He further swears that "Mrs. Morris came to his store and wanted goods on a credit, and said that she would pay for them herself, or see that they were paid for, and that he made arrangements with her to let her have goods on a credit."

The jury, under the charge of the court, and on this evidence, found against the defendant for the full amount of the claim. He asked a new trial for the errors committed by the court and the jury, which was refused and he excepted. His grounds are:

1. That the verdict is contrary to law and contrary to evidence.

2. Because it was contrary to the charge of the court.

3. Because the court erred in the instructions given to the jury.

The three grounds may be considered and disposed of together, though not in the order named.

The charge of the court against which it is alleged that the jury found their verdict, was in substance—that if it appeared from the evidence, that any part of the account was charged to the wife, and she obtained the goods on her individual credit, and not that of her husband, then she and not the defendant would be liable. He further charged, that if it appeared from the evidence that more than four years had elapsed from the date of the last item charged to the defendant, and obtained on his individual credit before the bringing of this suit, then that the same

was barred by the statute of limitations, and the plaintiff could not recover.

The error complained of in the third ground of the motion for a new trial was the charge that if there was any item in the account which was not barred by the statute of limitations before the bringing of the suit, that it brought all the remaining items within .the statute whatever might have been the length of time between them, and that mutual accounts were not necessary to establish that legal rule. Counsel requested him to charge that, except in cases of mutual accounts, the statute begins to run on the first day of January following the year in which the account .is made; this was refused because there was no proof of custom or contract on the subject.

1. We think that the verdict of the jury was clearly contrary to evidence, and contrary to the charge of the court, and from the same as hereinbefore set out we lay down this legal principle : Where the proof is that the plaintiff having ceased to sell goods to the defendant, either because of his insolvency, or his being a bad pay-master, and then sells to his wife on her own credit and so charges them, he cannot claim that such sale brings the account of the husband, which has run more than four years, within the statute of limitations.

2. We think that the third ground of the motion for a new trial was well taken.

The evidence shows that no item of the account against the defendant was within four years, unless that charged to the wife was so considered, and even if that were sufficient to bind the husband, it could not run back and bring in all the items whatever might have been the length of time between them, as charged by the court. Again, the court instructed the jury that mutual accounts were not necessary to prevent the running of the statute where the last item was not barred.

We cannot concur in that view.

Open accounts are barred after four years from the

time when the right of action accrues. Accounts between merchant and merchant, which concern the trade of merchandise, have been made an exception to the rule, and to this have been added, latterly, mutual accounts between others than merchants.

3. As we send this case back for a new trial we rule upon two questions upon which there was controversy on the last trial. The first is that upon a sale of goods, and no proof is submitted as to the custom or contract about the payment therefor, the presumption of the law is that they are payable on delivery.

4. The second is, that the contract of the wife for goods sold to her *upon her own credit alone*, is not binding on the husband, though the seller may have expected her to get the money from the husband.

Judgment reversed.