## McCARTHY *v.* NIXON GROCERY COMPANY.

ATKINSON, J.  1. "Where a sale of goods has been made, in the absence of proof of either contract or custom concerning payment therefor, the presumption is that the amount is payable on delivery." *Morris* v. *Root,* 65 *Ga.* 686; Civil Code, § 3550.

2. Originally the code provided that "All accounts of merchants, tradesmen, and mechanics, which by custom become due at the end of the year, bear interest from that time upon the amount actually due whenever ascertained." Code of 1863, § 2030. By the act of 1873 (Acts 1873 p. 22) the words "all others" were inserted after the word "mechanics." But this left the words "which by custom," etc., as qualifying all the classes of accounts previously mentioned. Sections 3550 and 2885 of the Code of 1895 are not in conflict. ˊ

3. The ruling in the 8th headnote in the case of *Adkins* v. *Hutchings,* 79 *Ga.* 261(8), so far as it conflicts with the rule above laid down, must yield to the decision in the older case of *Morris* v. *Root,* above cited.

4. Upon a suit for breach of a contract for the sale of goods to be paid for on delivery, resulting from a failure to pay the purchase-money, the measure of damages is the agreed price with interest from the time of delivery, or, in the absence of an agreement as to the price, the reasonable value of the article sold, with interest from the date of delivery.

5. There was in the present case no evidence of an agreement as to the time of payment, nor of a custom of trade regulating the matter, and the plaintiff was entitled to recover interest on the value of the articles sold from the date of delivery.

6. The judgment was for a less sum as interest than the plaintiff, under the facts, was entitled to recover, interest being computed on the basis of a sale of "goods on 30 days time."

7. The only question urged in the brief of the plaintiff in error being that involving the time from which interest should be computed, no sufficient reason has been shown for reversing the judgment on this question at his instance.            *Judgment affirmed. All the Justices concur.*

Argued June 7,—Decided November 14, 1906.

Certiorari.  Before Judge Hammond.  Richmond superior court. October 19, 1905.

Suit was brought in a justice's court, on an open account for groceries, etc., in which there was claimed, as a balance due, $14.28

principal, and $20.67, interest. The defendant admitted that he owed the plaintiff $10.38, principal, but denied that he owed interest. The interest charged in the account appears to have been computed on the basis of sales "on thirty days time." The president of the plaintiff company (the sole witness for the plaintiff) testified, that "groceries sold by his company are sold on thirty days time, and interest is due on said accounts after thirty days;" that he personally did not notify the defendant to this effect, but this was his instruction to his salesmen; and that his bill-heads had printed on them that interest would be charged on all overdue accounts. The defendant contended that interest should not be charged until the end of the year. The court rendered judgment against him for $9.08 principal, and $20 interest. Error is assigned on the overruling of his petition for certiorari.

*P. C. O'Gorman,* for plaintiff in error, cited: Civil Code, §§ 2884, 2885; 7 Enc. Dig. Ga. R. 671, 2A; 16 A. & E. Enc. L. 992-3-4; *Ga. R.* 70/33; 21/327(2); 81/413; 47/121; 68/831; 79/267.

*S. H. Myers,* contra, cited Civil Code, §§ 2885, 5148.