## 1441. LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al. v.* ALFORD & COMPANY.

The right to interest is not inherent to a claim for unliquidated damages. In certain cases it may be allowed as a corollary, so to speak, to the principal damages. Where the principal of the damages is accepted as such by the creditor from the debtor, all claim for interest is extinguished.

Certiorari, from Morgan superior court—Judge Lewis. September 9, 1908.

Submitted December 10, 1908.—Decided January 27, 1909.

*E. W. Butler,* for plaintiffs in error.   *M. C. Few,* contra.

PowELL, J.   Alford & Company sued the defendant railroad companies on an account, of which the following, so far as material here, is a copy: "To interest on claim for $141.90 for 9 months at 7%, from April 29, 1907, to November 29, 1907, $6.34. To interest on $23.40 for seven months and twelve days at 7%, .95." In response to demurrer the plaintiffs amended as follows: "The item of $6.34 charged in account is for interest as stated, on a claim for loss of freight in transit, and failure and delay on the part of the defendant to settle said claim for the period therein named, and for the loss of the use in value of the claim in money for the period therein named; and all of the papers therein are in the hands of the defendants; and the item of 95 cents is for a like charge on a bill of merchandise lost by defendant in transit, and failure to pay same for a period of time therein stated; said bill of goods of the value of the amount stated in the bill of particulars." The plaintiffs proved that the defendants, as lessees of the Georgia Railroad, had lost the goods as carriers, and, after a delay corresponding to the periods mentioned, had paid them only the value of the goods at the time they were lost. The defendants put in evidence two receipts. One was in the form of an account for $23.40 for lost shoes, below which was written, "Received of the Georgia Railroad $23.40, E. L. Alford & Company." The other was in the form of an account for lost corn, $141.90, below which was written, "Received of the Georgia Railroad one hundred and forty-one and 90/100 dollars. E. L. Alford & Company." The plaintiffs' manager testified, that the sums paid represented the principal due them; that he received it from the agent of the

railroad companies, and soon afterwards noticed that they had paid no interest, and he demanded that.

"Where interest is provided for by contract, the payment of the principal debt will not defeat the right to recover accrued interest by a subsequent suit. But where interest is recoverable only as damages, and payment of the principal as such is made and accepted, no interest can be recovered, the payment of the debt extinguishing the right to recover interest thereon. This rule, however, applies only to the payment and acceptance of the principal debt as such. Where a payment of less than principal and interest is made, without being specifically applied to the principal, it will be applied according to the rule of partial payments, first extinguishing the interest, even though such payment exceeds the principal. And, of course, the parties may agree that the acceptance of the principal sum only will not affect the creditor's right to recover interest subsequently. Even where the creditor accepts the payment of the principal sum only under protest, or otherwise claims interest thereon, such acceptance will prevent his recovery of interest on such debt thereafter." 22 Cyc. 1572. The text is well supported by authority. The demand of the plaintiffs was unliquidated; and, therefore, acceptance of the principal as such precluded their further claim of interest. Mere receipt of a sum equal to the value of their goods did not bar their right to interest; nor did the particular form of the receipt they gave have such a result; but the plaintiffs' testimony and the very statement of their cause of action showing that they had not applied any portion of the sum paid to damages in the way of interest, but that they had applied it to the extinguishment of the principal damages, out of which the allowance of interest could flow only as an incident, they were left without a right of action.

*Judgment reversed.*