## 2686.  HANDLEY *v.* McKEE.

1. "The plea of set-off is a cross-action, and after it is filed the defendant is, in any event, entitled to prove his case and have judgment against the plaintiff, if it is authorized by the evidence. This right the plaintiff can not defeat by dismissing his action."

2. In a suit on a promissory note, where there is a set-off or counter-claim filed as a defense, and the case is then by consent referred to an auditor, and before the auditor the plaintiff objects to a consideration of the plea of set-off. on the ground that it is not a legal set-off and contemplates affirmative equitable relief, and the ruling of the auditor is adverse to him. and no exception is taken to this ruling, and the case is thereupon considered on the merits by the auditor, and the plaintiff does not renew his objection to the validity of the set-off by excepting to the auditor's report he is concluded by the judgment of the auditor on this question and his acquiescence therein. He can not in this court for the first time except to the judgment and finding of the auditor on this point.

3. The writing set out in the bill of exceptions, and alleged to have been the verdict which the jury would have returned into court but for the erroneous decision of the court in allowing the entire case to be dismissed by the plaintiff, was never received and published in court    It therefore can not, in a legal sense, be considered as the verdict of the jury, and this court can not properly make this writing the verdict of the jury by directing that the trial judge now receive and publish this writing as the verdict. The case must be tried again without any reference to this writing and as though a mistrial had been declared.

DECIDED JANUARY 24, 1911.

Complaint; from city court of Fitzgerald—Judge Wall. February 3, 1910.

McKee sued Handley in the city court of Fitzgerald, on a promissory note. Handley filed a set-off or counter-claim to the note, embracing numerous items of alleged indebtedness from McKee to Handley and involving an accounting between the two. By consent the case was referred to an auditor. The answer was amended before the auditor, over the objection of the plaintiff, by setting out additional items of indebtedness claimed against the plaintiff. The plaintiff also objected before the auditor to a consideration of the

items of account on the ground that they did not constitute a legal set-off or counter-claim against the note. This motion was expressly overruled by the auditor, and no exception was taken to the ruling. The auditor considered the items of counter-claim, found against all of them except one, which he allowed, and made a report in favor of the plaintiff, both in findings of law and findings of fact. Handley filed exceptions of law and fact, and the case was submitted to the jury on the evidence as reported by the auditor, the report of the auditor, and the exceptions filed, under instructions of the court as to the law. After the case had been fully submitted to the jury and had been considered by them for a considerable time, it was reported to the judge that the jury had agreed upon a verdict and were ready to bring it into court. Thereupon McKee's attorney stated to the court that before the verdict was received he desired to submit a motion, and he asked that the jury be kept in their room until the motion was submitted. He moved to dismiss the plaintiff's case, and the defendant's counsel objected to the dismissal, on the ground that a set-off or counter-claim had been filed, and a verdict and judgment asked for the excess of the set-off or counter-claim over the note sued upon, and that he was entitled to have a verdict on the plea. The court overruled the objections and allowed the plaintiff to dismiss the case; and, over the demand of the defendant, refused to allow the verdict to be received and published in open court, and, after granting the order dismissing the plaintiff's case, caused the jury to come into the court-room, the foreman of the jury having in his hands the verdict, and, without receiving the verdict, discharged the jury and allowed them to disperse. To the order dismissing the case, and to the refusal to receive and publish the verdict, the defendant excepted. The verdict which it is claimed was found by the jury, and which the court refused to receive and allow to be published, is set out in full in the bill of exceptions and verified by the judge in the following marginal note: "I certify as to the verdict with this qualification, that it was not officially received, and I can only certify that it is correctly set forth according to the original paper in the hands of J. G. Knapp, the foreman of the jury."

*Haygood & Cutts, A. J. McDonald,* for plaintiff in error.
*Clayton Jones, Otis H. Elkins, Crum & Jones,* contra.

HILL, C. J. (After stating the foregoing facts:)

1. It is expressly provided by the code that the plaintiff "may dismiss his case at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding." Civil Code of 1895, § 4970. "The plea of set-off is a cross-action, and after it is filed the defendant is, in any event, entitled to prove his case and have judgment against the plaintiff, if it is authorized by the evidence. This right the plaintiff can not defeat by dismissing his action." *Calhoun* v. *Citizens Banking Co.,* 113 *Ga.* 621 (38 S. E. 977), and cases there cited. This was a common-law action on a promissory note, and a defense of set-off or counter-claim had been allowed by the auditor, and no exception had been taken to this judgment, and the items of set-off or counter-claim had been fully considered by the auditor and he had filed his report thereon Unquestionably the court erred in allowing the plaintiff to dismiss the entire case. The defendant, having filed a set-off which had been allowed, was entitled to have the verdict of the jury on his set-off or counter-claim as a cross-action, and no dismissal by the plaintiff or order of the court allowing the plaintiff to dismiss his suit could deprive him of this clear statutory right.

2. It is insisted by counsel for the defendant in error that the items and transactions sought to be set up by the defendant as a set-off are items relating exclusively to partnership dealings, and the defense of set-off asked for affirmative equitable relief, in that a verdict was asked for the excess shown by the set-off or counter-claim, and that the city court had no jurisdiction to entertain this character of set-off or counter-claim, as it contemplated equitable relief, and for this reason the court was authorized to allow the plaintiff to dismiss the case. Under the facts of this case as shown by the recitals in the bill of exceptions, we are not called upon to consider or decide whether the plea of set-off or counter-claim as filed asked for affirmative equitable relief which the city court had no jurisdiction to grant, or was simply an equitable plea, purely defensive in its nature, which the court did have the right to entertain. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722). The plaintiff objected to the set-off or counter-claim be-

fore the auditor, and a judgment was rendered against him, to which he did not except. Neither did he make any objection to the plea, by way of demurrer or otherwise, in the city court, but he submitted to a consideration of the counter-claim on its merits as against the suit of the plaintiff; nor did he file exceptions to the judgment of the auditor allowing the plea. He is therefore concluded by the judgment of the auditor against him, as well as by his failure to object to the character or nature of the plea before the court. He can not raise for the first time in this court an objection to the plea of set-off or counter-claim as filed.

3. After the court granted the order allowing the plaintiff to dismiss the entire case, there was no case pending in court on which a verdict could be predicated. The court below did not know judicially that any verdict was ever found by the jury, whatever the individual judge of the court may have subsequently learned from an inspection of the pleadings. The information which he got from an inspection of the petition handed to him by the foreman of the jury was information which he received as an individual, and not as a judge of the court. There can be no verdict returned by a jury, unless the same is received and published in open court. It is insisted that the defendant had the right to a verdict by that jury on his counter-claim. Unquestionably this is true. He did have that right, and was deprived of the right by an erroneous judgment allowing the plaintiff to dismiss the entire case. But this court has no power to find a verdict, and can not properly direct the court below in the case, under the facts stated, to receive and publish as the verdict of the jury the finding on a paper which was never received by the court and published as a verdict. From a legal standpoint the defendant can never know what the jury found. The writing incorporated in the bill of exceptions as a verdict of the jury was in law no verdict, because it was not received in court and published as required by law. This writing was entirely extraneous and extrajudicial, and this court is compelled to consider the case wholly without reference to the verdict, and on the assumption that no verdict was ever in fact found by the jury. The result may be a hardship to the defendant, and our judgment may be tantamount to the grant of a new trial to the plaintiff as a result of a ruling in his favor, but we have no other alternative. In a juridic sense we can not say that the verdict set out in the

bill of exceptions was the verdict of the jury. We can not direct that this writing be now received and published as the verdict. We can only hold that the court erred in allowing the plaintiff to dismiss the entire case; that the defendant had the right to have his plea of set-off considered and a verdict thereon returned, notwithstanding any dismissal by the plaintiff of his action. We therefore reverse the ruling of the court in allowing the plaintiff to dismiss the entire case, and direct that the case be reinstated in order that the defendant may have the right to have his cross-action in the nature of a counter-claim considered and determined.

*Judgment reversed.*