4075.   BARNESVILLE COAL & LUMBER COMPANY *v.* ROBERTS & COMPANY.

There being no evidence for the plaintiff which justified the allowance of interest in its favor, and the evidence also being too uncertain and indefinite in reference to the amount of freight for which the defendants were entitled to credit, the judgment refusing a new trial is reversed, in order that upon another trial the evidence may be made more certain and definite as to these matters.

DECIDED MAY 22, 1912.

Complaint; from city court of Zebulon—Judge Dupree. February 6, 1912.

*C. J. Lester,* for plaintiff in error.  *J. M. Smith,* contra.

POTTLE, J.   This was a suit on account for goods sold and delivered. The defendant filed a general denial, but amended by admitting an indebtedness of about half the sum claimed in the petition. There was no evidence as to when the goods were to be paid for, and consequently the presumption would be that the purchase-price was due upon delivery of the goods. *McCarthy v. Nixon Grocery Co.,* 126 *Ga.* 762 (56 S. E. 72). But there was no evidence as to when the goods were delivered. The plaintiff's witness testified simply that the goods were shipped out as soon as possible after the order was received, and were delivered at different dates, from time to time, as speedily as possible. There was, therefore, no data from which the jury could calculate interest, and the verdict in the plaintiff's favor is not supported by the evidence, so far as the interest is concerned. In addition to this, the plaintiff's witness testified that the defendants were entitled to a credit for freight paid by them. The only testimony on the subject of the amount of freight was that given by the plaintiff's attorney, who testified as follows: "The amount of freight which the defendant

is entitled to credit for is $112.50. I only know this from the statement which is attached to the plaintiff's petition in this case. This is more than Mr. Hahr thought it was. I could have settled the freight matter with him at one time for $75." Presumably Mr. Hahr is connected with the defendant company, but there is nothing in the record to show that this is true. This testimony was wholly insufficient to indicate the amount of freight which had been paid by the defendants, and for which they were entitled to credit. If the only vice in the verdict had been the amount of interest awarded against the defendant, this might be cured by a direction to write off, but, in view of the entire character of the testimony, and particularly that with reference to the amount of freight for which the defendants were entitled to a credit, a more just result will be reached by granting a new trial generally, in order that both sides may have an opportunity to make the evidence more certain on another trial.        *Judgment reversed.*