## CURTIS *v.* COLLEGE PARK LUMBER COMPANY.

1. All actions upon open accounts in this State shall be brought within four years after the right of action accrues.
2. The rule that when a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted, does not apply where months and years are to be computed.
3. In the absence of contract or custom as to the time of payment, the purchase-price of building material furnished on open account is due when the goods are delivered.
4. Where suit was brought on May 21, 1913, on an open account the last item of which bore date May 21, 1909, and this appeared on the face of the pleadings, it was error to overrule a motion in the nature of a demurrer to dismiss such action.

                    AUGUST 16, 1916.

Complaint. Before Judge Ellis. Fulton superior court. January 28, 1915.

*Alfred C. Broom* and *P. H. Brewster,* for plaintiff in error.

*J. F. Golightly,* contra.

HILL, J. The College Park Lumber Company brought suit against Mrs. W. G. Curtis upon an open account for various articles, the first item of which was dated February 5, 1909, and the last May 21, 1909. The suit was filed on May 21, 1913. At the trial an oral motion, in the nature of a demurrer, was made by the defendant to dismiss the action on the ground that the petition showed upon its face that the action was barred by the statute of limitations. The court overruled the motion to dismiss, and the defendant filed exceptions pendente lite. A verdict and judg-

ment were rendered for the plaintiff against the defendant. A motion for a new trial was overruled, and the defendant excepted.

Under the view we take of the case, it is only necessary to consider the exceptions pendente lite, which assign error upon the overruling of the motion to dismiss. We think the court erred, under the facts of this case, in overruling the motion, and so hold. All actions upon open account in this State shall be brought *within* four years after the right of action accrues. Civil Code, § 4362. In Georgia provision is made by statute whereby, when a number of *days* is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted. Civil Code, § 4 (8). But this rule does not apply where *years* and *months* are to be computed. See *Peterson* v. *Georgia R. &c. Co,.* 97 *Ga.* 798 (25 S. E. 370). In the present case the suit was upon an open account for building material sold and furnished to the defendant. In such case the rule is, that, in the absence of proof of contract or custom as to the time of payment, the presumption is that the purchase-price is due when the goods are delivered. *McCarthy* v. *Nixon,* 126 *Ga.* 762 (56 S. E. 72). In the present case the last item on the account was of date May 21, 1909, and suit was filed May 21, 1913. There was no allegation of any contract or custom as to the time when payment was due. The right of action, therefore, accrued on the 21st of May, 1909, and was barred on May 21, 1913. A mere allegation in the petition that interest was due from June .19, 1909, at 7 per cent. per annum does not amount to an allegation that the purchase-price was not due on May 21, 1909, and does not contravene the above rule. This court has held that where on the face of the pleadings it appears that the suit is barred by the statute of limitations, this fact can be taken advantage of by demurrer, or oral motion in the nature of a demurrer; and the court erred in not dismissing the action on the motion made. *Pendley* v. *Powers,* 129 *Ga.* 69, 71 (58 S. E. 653). This being so, the subsequent trial was nugatory, and the errors alleged to have been committed thereon need not be considered.

*Judgment reversed. All the Justices concur.*