## SMITH *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

1. Where on their face the pleadings show that a suit is barred by the statute of limitations, the defendant can take advantage of the statute by demurrer. But a demurrer, in order to raise the defense of the statute of limitations, must expressly set out a reliance on the statute. Its aid can not be invoked by general demurrer that no cause of action is set out, or that none is stated which can be enforced against the defendant.

2. The court erred in sustaining the demurrer in this case.

OCTOBER 20, 1916.

Action for damages. Before Judge Gilbert. Talbot superior court. August 25, 1915.

*J. J. Bull & Son,* for plaintiff.

*Battle & Hollis* and *John H. McGehee,* for defendant.

HILL, J. Tennie F. Smith brought suit against the Central of Georgia Railway Company, to recover damages for permanent injury to her land, alleged to have been caused by certain obstructions placed in a stream in 1904 and 1909. The defendant demurred to the petition, because "it affirmatively appears from the allegations in the petition that the plaintiff can not legally enforce her claim for damages against this defendant." The court sustained the demurrer, in an order wherein it is ruled and stated that "the general demurrer to said petition be and the same is hereby sustained, and said petition dismissed, it appearing from the face of the petition that the cause of action is barred by the statute of limitations," in that more than four years had elapsed since the alleged permanent damage had accrued. To this judgment the plaintiff excepted, one of the grounds of exception being that the

demurrer did not "allege that the action was barred by the statute of limitations." We think the court erred in sustaining the demurrer on the ground that the petition was barred by the statute of limitations. Where on its face the petition shows that the suit is barred by the statute of limitations, the defense provided for by the statute can be invoked by demurrer, or by oral motion to dismiss at the trial term. *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601 (89 S. E. 680). But it must be done expressly, and can not be taken advantage of by a mere general demurrer. 25 Cyc. 1400 (6). As a general rule, the defense afforded by the statute of limitations must be pleaded, but, as above indicated, may be set up by demurrer when the bar of the statute is apparent from the face of the petition. In the present case the demurrer does not allude to the statute; and as the presiding judge based his order dismissing the case upon the application of the statute of limitations, which defense we have held not to have been raised by the demurrer, the judgment dismissing the petition must be reversed, a cause of action being therein stated.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Atkinson, J., dissenting, and Gilbert, J., disqualified.*

FISH, C. J., and ATKINSON, J., dissenting. One of the grounds of general demurrer to the petition was as follows: "It affirmatively appears from the allegations in the petition that the plaintiff can not legally enforce her claim for damages against this defendant." Where the trial judge sustained the demurrer on the ground that it appeared from the face of the petition that the cause of action was barred by the statute of limitations, his judgment should not be reversed on the ground that the demurrer was insufficient to raise the question of the limitation.