*Calloway & Howard,* contra.

---

14069, 14070.   RICE-STIX DRY GOODS COMPANY *v.* FRIEDLANDER BROTHERS; and *vice versa.*

JENKINS, P. J.   1. "When a payment is made upon any debt, it shall be applied first to the discharge of any interest due at the time, and the balance, if any, to the reduction of the principal." Civil Code (1910), § 3433. But this section does not prohibit a creditor from applying a payment upon the principal, if the debtor so expressly directs. The instant petition, seeking the recovery of an alleged balance of interest due on account after full payment by the debtors of the principal, was not rendered bad as against the general demurrer merely because the bill of particulars showed that the plaintiff had applied the payments to the reduction of the principal instead of the interest, since the petition alleges that " defendants

have paid the full amount of the principal sum," and it will therefore be assumed that the application of payments to the principal had been made with and upon·the authority of the debtors. Moreover, since the provision of law applying payments first to the extinction of accrued interest is for the benefit of the creditor, it does not seem that the debtor could be heard to complain on account of the interest-bearing principal having been reduced, with a consequent reduction to him of the amount of the indebtedness, by an application of the entire payment to the principal instead of first extinguishing the accrued interest.

2. Nor was the petition subject to general demurrer as showing that the right to recover interest had been extinguished by payment of the full amount of principal. It is the general rule that the right to recover interest after the payment of the principal sum due depends upon whether the interest is due by the terms of the contract, or whether it is merely an implied incident to the debt and is allowed by way of damages. If it is due by the terms of the contract, the payment of the principal is no bar to a subsequent recovery of interest, but if it is not due by such terms, the payment of the principal sum is generally a bar to recovery, except that where the obligation is one which by statute bears interest, this is taken as an equivalent contractual obligation to pay interest, and in such a case the payment of the entire principal does not defeat the subsequent recovery of accrued interest. *Thomas* v. *Monticello Vehicle Co.*, 10 *Ga. App.* 260 (73 S. E. 428); *Louisville & Nashville R. Co.* v. *Alford*, 5 *Ga. App.* 428, 429 (63 S. E. 524); 15 R. C. L. 13, 14; 22 Cyc. 1571-1573. See also *Central Bank* v. *State*, 139 *Ga.* 54 (1 b), 58 (76 S. E. 587).

3. An account is not to be taken as a liquidated demand until the amount due has been expressly or impliedly fixed and determined. Civil Code (1910), § 3434; *Nisbet* v. *Lawson*, 1 *Ga.* 275, 287; *Hargroves* v. *Cooke*, 15 *Ga.* 321, 332 (12); *Roberts* v. *Prior*, 20 *Ga.* 561, 562; *Field* v. *Reid*, 21 *Ga.* 314, 327; *Council* v. *Hixon*, 11 *Ga. App.* 818, 827 (76 S. E. 603); *Ryan* v. *Progressive Retailer Pub. Co.*, 16 *Ga. App.* 83, 89 (84 S. E. 834). But under the provisions of section 3435 of the Civil Code, "all accounts of merchants, tradesmen, mechanics, and all others, which by custom become due at the end of the year, bear interest from that time upon the amount actually due whenever ascertained." A claim for the purchase-price of goods, where the contract of sale has fixed the price at a definite sum, is a liquidated demand; and, in the absence of any contrary understanding or custom concerning the time for payment, bears interest from the date the goods are delivered. Civil Code (1910), § 3434; *McCarthy* v. *Nixon Grocery Co.*, 126 *Ga.* 762 (1, 4) (56 S. E. 72); *Howard Supply Co.* v. *Bunn*, 127 *Ga.* 663, 664 (4) (56 S. E. 757); *Curtis* v. *College Park Lumber Co.*, 145 *Ga.* 601 (3), 602 (89 S. E. 680). In the instant case the petition is such as to indicate that the goods were sold on the agreed terms and at the prices indicated by the copy invoices attached thereto.

4. The petition, while good as against the general demurrer, was subject to the ground of special demurrer attacking its failure to show the periods of time for which the various items of interest constituting the total claimed had been computed. The petition attaches merely the various dated invoices; and 'while some of them represent alleged cash sales, others bear notations indicating that the amounts would be "due in 60 days less 2 per cent, or 90 days without discount," or like alternative terms. As to these items of sales upon terms, the itemized account attached to the petition seems to indicate that the maturity of such obligations was fixed at the shorter period, although the two per cent. discount has not been deducted. But neither the petition nor any of the exhibits shows how and upon what particular amounts and dates the total interest charge claimed has been computed.

5. Since the judgment dismissing the petition must be affirmed on the main bill of exceptions, upon the special ground of demurrer stated above in paragraph 4, the practical mode of procedure, under this record, is to dismiss the cross-bill of exceptions taken by the defendants from the ruling of the court refusing to allow the case to proceed to trial upon their plea of recoupment, with the direction indicated in paragraph 6 of. this decision. Such cross-bill can not be treated as a main bill, since it fails to except to the final judgment dismissing the petition on demurrer, even if the defendants could be heard to attack the judgment which they themselves by their pleading, argument, and insistence invoked.

(a) But even if the cross-bill of exceptions could be taken as a main bill or considered so as to review the prior rulings complained of, there is no merit in the exceptions. After the filing of a plea of recoupment, neither the plaintiff by voluntary act nor the court upon its own motion can dismiss the petition without the defendant's consent so as to prejudice his right of alleged counterclaim, in the absence of any meritorious attack upon the sufficiency of the plea. Civil Code (1910), §§ 4350, 5548; *Calhoun* v. *Citizens Bkg. Co.*, 113 *Ga.* 621 (1) (38 S. E. 977); *Handley* v. *McKee*, 8 *Ga. App.* 570 (1), 572 (70 S. E. 94). But, since "the defendant can not put his adversary's case out of court and at the same time retain it in court" (*Morse* v. *Turner*, 20 *Ga. App.* 108, 114, 92 S. E. 767), where, as here, a petition is dismissed on the sustaining of a defendant's demurrer, upon his pleading, argument, and insistence, it is not the proper practice to retain the action in court. for a trial upon the alleged counter-claim. *Jellico* v. *Bailie*, 130 *Ga.* 447 (1), 449 (60 S. E. 998).

6. Since the petition was not wholly bad, but merely deficient in failing to show the particular items of interest, with the dates and method of computation thereof, and therefore was subject to amendment, and since the necessary effect of the proper order of dismissal by the trial court is to foreclose any right of amendment unless leave to amend is granted by this court, the judgment of the court below is affirmed upon the main bill of exceptions, with direction that at the time the judgment of this court is made the judgment of the court

below, the plaintiff be allowed to amend its petition so as to cure the defect stated, and that upon its doing so the case stand for trial upon the petition as thus amended, and also upon the answer and plea of counter-claim filed by the defendants; but in the event of a failure so to amend, the judgment dismissing .the petition be unconditionally affirmed.

*Judgment upon the main-bill affirmed, with direction; cross-bill dismissed. Stephens and Bell, JJ., concur.*

DECIDED MAY 21, 1923.

Complaint; from Colquitt superior court — Judge W. E. Thomas. October 9, 1922.

Certiorari was granted by the Supreme Court.

*J. U. Merritt,* for plaintiff.

*Humphreys & DeLoache,* for defendant.