### 16384.   FREEMAN *v.* STEDHAM.

BLOODWORTH, J.   1. Section 5701 of the Civil Code of 1910 is as follows: "If the sheriff or other executing officer shall fail to make an official return which by law he should have made, such entry or return may be made nunc pro tunc, by order of the court, so as to make the proceedings conform to the facts at the time the entry should have been made." Under this statute and the proof submitted, which showed service as to one of the defendants, the court did not err in allowing by order an entry of service nunc pro tunc as to this defendant. *Jones v. Bibb Brick Co.,* 120 *Ga.* 325 (48 S. E. 25).

2. Section 4130 of the Civil Code of 1910 is as follows: "Unless credit is specifically agreed on, or is the custom of the trade, the purchase money is due immediately, and the seller may demand payment upon delivering the goods." In the present case there was no evidence as to the time the account was to be paid, nor was there any evidence of any custom regulating the matter, hence the purchase price was due when the goods were delivered. *Curtis v. College Park Lumber Co.,* 145 *Ga.* 601 (3) (89 S. E. 680); *McCarthy v. Nixon Grocery Co.,* 126 *Ga.* 762 (56 S. E. 72).

3. All actions upon open accounts shall be brought within four years after the right of action accrues. Civil Code (1910), § 4632; *Curtis v. College Park Lumber Co.,* supra.

4. Where a tenant and his landlord were sued on an account for guano purchased from a merchant, and on the trial the merchant swore that "the tenant alone bought and contracted for the guano sued for," and that the landlord made no contract whatever with him for the sale of the guano sued for, and where the tenant alone was served, and thereafter the suit was dismissed, and after the dismissal the statute of limitations ran against the account, a second suit would not revive it against the landlord, though brought within six months from the dismissal of the former one. As the landlord was not served in the original suit, there was, as to him, no suit pending to be dismissed. The mere filing of a petition, without service, is not sufficient to constitute a pending suit. *McClendon v. Hernando Phosphate Co.,* 100 *Ga.* 219 (2), 221 (2) (28 S. E. 152); *Nicholas v. British America Assurance Co.,* 109 *Ga.* 621, 623, 624 (34 S. E. 1004). On the face of the pleadings it appears that the suit as to the plaintiff in error is barred by the statute of limitations, and the court erred in overruling the demurrer to the petition, which alleged this fact. *Lang v. Camp Phosphate Co.,* 113 *Ga.* 1011 (39 S. E. 474).

5. The error pointed out in the preceding paragraph rendered the further proceedings nugatory, and a new trial should have been ordered.

*Judgment reversed. Broyles, C. J., and ·Luke, J., concur.*

DECIDED JUNE 9, 1925.

Complaint; from city court of Carrollton—Judge Hood. March 11, 1925.

*Boykin & Boykin,* for plaintiff in error.

*Beall & Smith,* contra.