FRANK G. WRIGHT COMPANY *v.* BOARD OF EDUCATION OF BEN HILL COUNTY *et al.*



No. 12595. JANUARY 11, 1939.



*W. B. Smith,* for plaintiff.

*W. S. Mann* and *McDonald & McDonald,* for defendants.

DUCKWORTH, Justice. Frank G. Wright Company, transferee, brought suit on April 29, 1938, in the superior court of Ben Hill

County against the board of education, the county commissioners, and the county school superintendent of said county, seeking mandamus, injunction, and receiver. So far as is material to the instant case the petition alleged that the defendant board of education in 1922 purchased from the Union School Furnishing Company certain school furniture for the public schools of said county "at a price agreed upon by said board of education and the Union School Furnishing Company," and issued their notes for the purchase-price of the furniture, and on "said bill" the first note of a named amount with interest was paid during that year. On account of not having money they issued notes on March 31, 1927, due March 15, 1928, for the balance of the purchase-price of the furniture. These notes were not paid in 1928, and new notes were issued, one for $2939.73, dated November 1, 1928, and due March 15, 1929, with interest from maturity, and another for $2939.74, dated January 3, 1928, due the same date, with interest from maturity, which last notes were duly transferred to petitioner. The notes, not under seal, were attached to the petition. It is specifically alleged that the notes are not sued upon "but to show the indebtedness existing and agreed to and being the amount for which this action is brought;" that the property purchased was delivered to the board of education "without any dispute as to its value," and "the value of said school property in said county was enhanced by the full amount representing the amount set out above and in equity and good conscience it should be paid to petitioner;" and that the board of education "received the goods [and] audited the bill." Demurrers both general and special, one of which was that the petition showed on its face that the action was barred by the statute of limitations, were sustained and the petition dismissed. The petitioner excepted.

1. "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action shall have accrued." Code, § 3-706.

2. "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable." Code, § 3-705.

3. Whether or not the petition is one seeking to compel pay-

ment as on an account, on a quantum meruit, or on the notes, and whether or not the cause of action accrued upon delivery and receipt of the goods (see *Morris* v. *Root,* 65 *Ga.* 686; *McCarthy* v. *Nixon Grocery Co.,* 126 *Ga.* 762, 56 S. E. 72; *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601 (3), 89 S. E. 680, as to account; and *Cooper* v. *Claxton,* 122 *Ga.* 596 (3), 50 S. E. 399; *Consaul* v. *Rawlins,* 130 *Ga.* 726, 61 S. E. 704), or within a reasonable time thereafter (see *Chandler* v. *Chandler,* 62 *Ga.* 612; *Bryant* v. *Atlantic Coast Line R. Co.,* 119 *Ga.* 607, 46 S. E. 829), and whether or not the execution and renewal of the notes amounted to a new promise to pay, such as would toll the running of the statute on the account or quantum meruit, it affirmatively appears from the allegations of the petition that at least fifteen years have elapsed since the receipt and delivery of the furniture sold, and more than six years since the last of the notes became due and payable according to its terms; and it follows, therefore, that in any event the statute of limitations has run and the petitioner is barred from pursuing its remedy.

4. The cases of *Jackson Banking Co.* v. *Gaston,* 149 *Ga.* 31 (2) (99 S. E. 30), and *City of Abbeville* v. *Eureka Fire Hose Co.,* 177 *Ga.* 204 (5) (170 S. E. 23), holding that the statute of limitations does not begin to run upon legally-issued warrants until a demand and refusal, or from the time when the fund out of which the warrants can be paid is provided, are distinguishable on their facts from the instant case. And even if, in view of the fact that the county boards of education must secure funds from taxes accruing at the end of the year, it must be held that the statute of limitations on actions on open account and on quantum meruit against the board of education would not begin to run until such time had arrived, or until a reasonable time thereafter, such time, in the instant case, had arrived, and a reasonable time thereafter had certainly expired, more than four years before the institution of the instant suit; and in view of the allegations of the petition "that in the year said purchase was made and since . . all the school funds coming into the hands of said county board of education were used and applied to other claims which was done without [petitioner's] consent," and the obligation due petitioner has "never been placed in budget of said county board," which allegations, construed most strongly against the petitioner, as must be done on demurrer, "af-

firmatively show that a fund was provided from year to year immediately succeeding" the purchase of the furniture, from which the obligation could have been paid (see *Hicks* v. *Groves, 177 Ga.* 574, 580, 170 S. E. 877), and part of the time such funds were on hand before the act of 1925 (Ga. L. 1925, p. 135; Code, § 32-947), declaring that no funds may be disbursed by the county boards of education except as may be included in the budget in said act provided for, the ruling in the above-cited cases, even if applicable, would show that the statute of limitations has run in the instant case. The trial court did not err in dismissing the petition on demurrer. *Judgment affirmed. All the Justices concur.*