1. If a petition which undertakes to set out a cause of action for either equitable or legal relief, or both, is sufficient for either relief, it will not be dismissed on a general demurrer, but will proceed for the relief appropriate to such of the allegations and prayers as are sufficient.
2. The petition as amended stated facts sufficient to justify a court in its discretion to grant the extraordinary equitable relief prayed for, to wit, an injunction and receiver. Hermann v. Mobley, 172 Ga. 380 (158 S.E. 38); Goodroe
v. C. L. C. Thomas Warehouse, 185 Ga. 399 (3), 400 (195 S.E. 199).
Judgment affirmed. All the Justices concur.
 No. 13004. OCTOBER 11, 1939.
Trenton Milling Company filed a petition against Feeney Hay Co. Inc., as a creditor of the defendant on open account, and alleged that petitioner's attorneys also held for collection the claims of other such unsecured creditors on open accounts; and that the officers of the defendant were fraudulently attempting to transfer defendant's assets to themselves, and allow the corporation to become dormant. The petition prayed for appointment of a receiver for the defendant, to preserve and protect all of its assets for the benefit of all concerned; that the officers and agents of the defendant be enjoined from interfering with the receiver, and from further disposing of any of its assets, or from collecting its accounts receivable; and that the plaintiff have judgment in a stated sum against the defendant. By amendment it was alleged that the defendant had failed to pay its debts to the petitioner and others as they matured, although demand for payment had been made; that other named creditors had by intervention become parties plaintiff, and were interested as creditors in the defendant's assets; that most of these were unsecured creditors on open accounts, such creditors representing more than one third of the unsecured creditors of the defendant, although one or more judgment creditors had also intervened and had not been paid. Insolvency of the defendant was alleged. Of the ten grounds of demurrer filed by the defendant the first four were overruled; the others were not passed on by the judge. To the overruling of its demurrer the defendant excepted.