## 18606. WOODRUFF *v.* HENNESSY.

ARGUED JUNE 14, 1954—DECIDED JULY 13, 1954—
REHEARING DENIED JULY 27, 1954.

*Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.
*John G. Cozart,* contra.

MOBLEY, Justice. The original petition alleged, among other things, that the petitioner arranged to finance the purchase of the land through the bank and the bank advanced the money therefor, taking a note which was signed by the defendant and endorsed by the petitioner. Irrespective of whether the original petition standing alone stated a complete cause of action, in that it failed to allege any consideration or money paid by the petitioner, such failure would not necessarily be sufficient reason for refusing to allow an amendment adding matter of form or substance. Code §§ 37-903, 81-1301; *Calhoun* v. *Edwards,* 202 *Ga.* 95 (42 S. E. 2d 426).

The amendment which was disallowed in the present case contained allegations to the effect that the defendant paid the purchase price of the property with the proceeds of the note, and that petitioner paid off the note to the bank. The proffered amendment is merely an amplification of the details and circumstances of the same transaction which was set forth in the original petition, and was not subject to the objection that it sought to set forth a new and distinct cause of action. *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (13 S. E. 809); *Williams* v. *Porter,* 202 *Ga.* 113 (4) (42 S. E. 2d 475); *Cooper* v. *Mims,* 204 *Ga.* 357 (49 S. E. 2d 824); *Reed* v. *White,* 207 *Ga.* 623 (3)

(63 S. E. 2d 597). The trial court erred in disallowing the amendment.

The next question for determination is whether the petition and amendment thereto set forth a cause of action. "A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5).

The amendment contains the following language: Prior to the execution of the note, petitioner and defendant had agreed that the payment of the purchase price would be accomplished by the defendant executing a note to the bank, which "defendant" would endorse and for which "defendant" would be solely responsible. Counsel for defendant insist that the amendment shows defendant signed the note to the bank to procure the funds to be used for purchasing the property and was to be solely responsible therefor in the first instance, and therefore there was no implied or resulting trust in the land in favor of petitioner. To construe the above language as meaning that the defendant was to endorse his own note in order to obtain the money from the bank, would render this portion of the amendment utterly meaningless. However, if this portion of the amendment should be disregarded, the original petition and the amendment allege in substance that the property was purchased by the defendant while acting as agent for the petitioner under an agreement whereby the petitioner arranged to finance the purchase through the bank and the bank advanced the money therefor, taking a note which was signed by the defendant and endorsed by the petitioner, and that the petitioner paid the note.

Taking the above-stated allegations to be true—as must be done on general demurrer—sufficient facts were alleged to show an implied trust in the land in favor of the petitioner. Code § 108-106 (1); *Chastain* v. *Smith,* 30 *Ga.* 96 (1); *McDonald* v. *Dabney,* 161 *Ga.* 711 (10) (132 S. E. 547); *Hudson* v. *Evans,* 198 *Ga.* 775 (2) (32 S. E. 2d 793); *Stevens* v. *Stevens,* 204 *Ga.* 340 (1) (49 S. E. 2d 895).

Applying the above-stated principles of law to the pleadings in the present case, the trial court erred in disallowing the amendment to the petition, and in dismissing the action on general demurrer.

*Judgment reversed. All the Justices concur.*