18939. Horkan *et al. v.* Great American Indemnity Co. *et al.*

Candler, Justice. 1. In this case, the issues raised by the pleadings and the evidence are numerous and complicated. As shown by his findings of fact and of law, the auditor has fully considered and passed on each of them, and the final decree should not be reversed because the trial judge refused to recommit the case for further consideration and findings by the auditor on the grounds set up in the plaintiffs' motion therefor. "From the very nature of the investigation, a court of review must generally rely upon the trial court for such close scrutiny and conscientious consideration of the auditor's report as will guarantee that the final decree of the court will speak exact justice to all of the parties, no matter how many may be concerned." *Barber* v. *Southern Service Corporation,* 182 *Ga.* 124 (2) (185 S. E. 93).

2. On a former appearance of this litigation, we held that the petition, as amended, stated a cause of action for the relief sought. *Great American Indemnity Co.* v. *Horkan,* 206 *Ga.* 451 (57 S. E. 2d 487). Since then demurrers and motions to strike various pleadings and parts thereof, as interposed by the plaintiffs, have been overruled by the auditor, and all of his rulings with respect thereto have the approval of the trial judge. We have carefully examined the pleadings thus attacked and hold that the rulings here excepted to are not erroneous for any reason assigned. They aver proper defensive facts.

3. An order overruling an exception of fact to an auditor's report in an equity case will not be reversed by this court if such finding by the auditor is supported by any evidence, even though it be conflicting. Code § 10-402; *Fitzpatrick* v. *Massee-Felton Lumber Co.,* 188 *Ga.* 80 (1) (3 S. E. 2d 91); *Mitchell* v. *Turner,* 190 *Ga.* 485 (9 S. E. 2d 621), and citations. In *Fitzpatrick's* case, supra, it was said: "In an equity case, if the judge refuses to approve an exception to a finding of fact by the auditor, his ruling will not be disturbed unless there be no evidence to support the finding." In this case, all of the auditor's findings of fact are supported by the evidence.

4. The auditor's conclusions of law in the case at bar to which there are exceptions by the plaintiffs being correct and applicable to his findings of fact, it was not erroneous for the trial judge to overrule the exceptions which the plaintiffs filed thereto.

5. The auditor found, as a matter of law, that each of the lien-claimant defendants was entitled to a general judgment against the defendant Miller for the amount of his or its claim for labor and material, which should be credited with any amount paid by the plaintiffs in discharge

of the balance of their liability. He also found, as a matter of law, that all of the lien-claimant defendants, other than Moultrie Grocery Company and Roy Bittinger, were entitled to a judgment in rem against the property of the plaintiffs for such proportionate part found in their favor, to wit: $17,534.15 bears to the balance due by the plaintiffs, to wit: $10,957.73. All of the lien-claimant defendants, other than Moultrie Grocery Company and Roy Bittinger, excepted to the auditor's report on the ground that he should have found, as a matter of law, that each excepting party was entitled to interest at 7% per annum on his or its general judgment against Miller and his or its judgment in rem against the plaintiff's property from the date notice of lien was filed by each. These several exceptions to the auditor's report were sustained by the trial judge and we think properly so. A claim for the purchase price of building material, where the contract of sale has been fixed at a definite sum, is a liquidated demand; and, in the absence, as here, of proof of either contract or custom concerning payment, such purchase price is due when the material is delivered and the amount bears interest at the legal rate of 7% per annum from the date of delivery. Code, § 57-110; *Morris* v. *Root,* 65 *Ga.* 686; *McCarthy* v. *Nixon Grocery Co.,* 126 *Ga.* 762 (56 S. E. 72); *Howard Supply Co.* v. *Bunn,* 127 *Ga.* 663, 664 (4) (56 S. E. 757); *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601 (3) (89 S. E. 680); *Rice-Stix Dry Goods Company* v. *Friedlander Brothers,* 30 *Ga. App.* 312 (117 S. E. 762). In principle, the same rule applies to an amount which one is due for labor performed in consequence of a contract fixing compensation therefor.

6. The final decree, as complained of by the plaintiffs only, is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*

ARGUED APRIL 11 AND 12, 1955—DECIDED MAY 9, 1955—
REHEARING DENIED JUNE 15, 1955.

*Bivins & Bivins, Gibson & DeLoache,* for plaintiffs in error.
*Whelchel & Whelchel, Robert E. Cheshire, W. H. Riddlespurger, W. B. Withers, P. C. Andrews,* contra.