20789.   MARSH *v.* STATE HIGHWAY DEPARTMENT.

ARGUED FEBRUARY 8, 1960—DECIDED MAY 5, 1960—
REHEARING DENIED MAY 18, 1960.

*Marshall L. Fountain,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Carter Goode, Assistant Attorneys-General, Frank Hardeman,* contra.

QUILLIAN, Justice. ■ The holding of this court on the former appearance of the case was an adjudication that the petition set forth the right of the plaintiff to some, but not necessarily all, of the relief prayed. *Feeny Hay Co.* v. *Trenton Milling Co.,* 189 *Ga.* 109 (1) (5 S. E. 2d 235).

When the original prayers of the petition were stricken by an amendment which substituted prayers for relief other and substantially different from that originally prayed, the question as to whether the petition set forth the right of the plaintiff to relief prayed by the amendment became an open question. Code § 81-1312; *McKenzie* v. *Walker,* 210 *Ga.* 189, 190 (3) (78 S. E. 2d 486).

■ The petition as amended in a single sentence prayed that the plaintiff recover of the defendants the principal sum of $1,000 plus interest thereon at the rate of 7% per annum from

February 8, 1957, to date of judgment, and that the contract be reformed to require the defendants to give the plaintiff a reasonable number of days, not less than 18, to move his house.

The contract to be "reformed" is not specifically referred to in the prayer, but evidently refers to the contract by the terms of which the plaintiff conveyed to the Highway Department the tract of land designated by the deed as Parcel No. 16 on right-of-way Project No. F-043-1 (7).

There was no contention by the plaintiff, and he offered no evidence, that in any part of the contract except in a letter written to him by the Commissioners of Jefferson County was there any allusion to paying him $1,000 for moving his house. That letter, written on January 21, 1957, some seven months after the execution of the deed from the plaintiff to the Highway Department, informed the plaintiff that there had been set up to move his house the sum of $1,000. The letter made him the proposal: "If you are interested in moving your property at this price, please bring this letter with you and contact Frank Hardeman within five (5) days from the date of this letter. You have the option of moving this property for the price named if you wish, and you can have the work completed by or before the 8th day of February, 1957. If I do not hear from you within the next five (5) days, the county will proceed with the work of moving this property."

It will be noted that the proposal contained in the letter was not an offer to pay the plaintiff for moving the house until the work of moving it was fully performed. The rule is too well established to permit discussion that, where one is engaged to render a service, in the absence of an agreement to the contrary, he is to be paid when the service is complete. *Luckie* v. *Max Wright, Inc.*, 90 *Ga. App.* 243, 246 (82 S. E. 2d 660), holds: "Liens of laborers arise upon the completion of their contract of labor." A similar holding with reference to the time of paying for commodities purchased is in the case of *Horkan* v. *Great American Indemnity Co.*, 211 *Ga.* 690, 691 (5) (88 S. E. 2d 13) "A claim for the purchase price of building material, where the contract of sale has been fixed at a definite sum, is a liquidated demand; and, in the absence, as here, of proof of either contract

or custom concerning payment, such purchase price is due when the material is delivered . . . Code § 57-110; *Morris* v. *Root*, 65 *Ga.* 686; *McCarthy* v. *Nixon Grocery Co.*, 126 *Ga.* 762 (56 S. E. 72); *Howard Supply Co.* v. *Bunn*, 127 *Ga.* 663, 664 (4) (56 S. E. 757); *Curtis* v. *College Park Lumber Co.*, 145 *Ga.* 601 (3) (89 S. E. 680); *Rice-Stix Dry Goods Company* v. *Friedlander Brothers*, 30 *Ga. App.* 312 (117 S. E. 762)."

■ From what is held in the preceding division of this opinion, it is obvious that the plaintiff failed to plead or prove the right to recover the $1,000 as compensation for moving his house. The defendants' evidence did not supply the deficiency in plaintiff's proof.

■ The evidence discloses that there was a controversy between the plaintiff and the defendants concerning the consideration for the plaintiff's deed to the highway department, by which was conveyed the tract designated by a plat made part of the deed as Parcel No. 16 on right-of-way Project No. F-043-1(7).

The plaintiff contends that the real consideration for the deed was that he was to be paid the value of the land conveyed, certain shrubbery, and that the defendants move or pay for his house being moved farther from the highway. The defendants contend that they were to pay the value of the land and shrubbery, but denied that they had agreed to move or pay for moving the plaintiff's house, and denied that the consideration of the deed included the moving or the expense incident to moving the house.

On February 28, 1957, the county attorney, acting on behalf of the defendants, fully informed the plaintiff that the defendants denied liability for moving his house and would not pay for it being moved. Thereafter, the defendants issued to the plaintiff a warrant for $178.33, upon which was the notation "R/W Project No. F-043-1(7) Payment for Parcel No. 16 in full." This warrant was cashed and the proceeds were retained by the plaintiff, Willie Marsh. None of these facts is contradicted. The defendants contend that this amounts to an accord and satisfaction. The plaintiff, however, testified that, when he received the warrant, there was attached to it another paper, the whereabouts of which is unknown, "So much for the shrubbery

and so much for the land. It was itemized out . . . It was attached to that warrant when it came to me and it was attached when it left."

Assuming, as we must in considering a directed verdict, that there was such a paper attached to this warrant and that it contained the itemized account—this would in no way alter the fact that the plaintiff cashed and retained the proceeds of this warrant to pay for all costs incurred in connection with this particular parcel of land, which warrant had placed upon it the condition that it was in full payment of all obligations due by them to the plaintiff in connection with this project. By cashing and retaining the proceeds of the warrant, the plaintiff impliedly accepted the conditions placed upon the warrant. In *Rivers* v. *Cole Corp.*, 209 *Ga.* 406 (73 S. E. 2d 196), a check was mailed which contained the notation: "November rental, 1947, account paid in full." This was held to be an accord and satisfaction of all accounts due, even though the check contained the notation, "November rental, 1947."

■ The petition contained a prayer for general relief. The rule is as stated in *Phillips* v. *Kelly*, 176 *Ga.* 111, 113 (167 S. E. 281): "An equitable petition which contains a prayer for specific relief and for general relief will not, under the prayer for general relief, authorize the grant of any relief which is not germane to the prayer for specific relief."

However, in the instant case no evidence adduced on the trial showed the right of the plaintiff to relief in any form or authorized a recovery for him in any amount.

The plaintiff not being entitled to a verdict in his favor, the trial judge did not err in directing a verdict for the defendants.

*Judgment affirmed. All the Justices concur.*