41482. NATIONAL RECORDING CORPORATION v.
W. R. GRACE & COMPANY.

Submitted September 9, 1965—Decided September 21, 1965.

*Haas, Holland, Freeman, Levinson & Gibert, William M. Sinrich,* for plaintiff in error.

*Howard & Storey, Robert W. Storey,* contra.

NICHOLS, Presiding Judge. 1. "A claim for the purchase price . . . where the contract of sale has been fixed at a definite sum, is a liquidated demand; and, in the absence, as here, of proof of either contract or custom concerning payment, such purchase price is due when the material is delivered and the amount bears interest at the legal rate of 7% per annum from the date of delivery. *Code* § 57-110; *Morris v. Root,* 65 Ga. 686; *McCarthy v. Nixon Grocery Co.,* 126 Ga. 762 (56 SE 72); *Howard Supply Co. v. Bunn,* 127 Ga. 663, 664 (4) (56 SE 757); *Curtis v. College Park Lumber Co.,* 145 Ga. 601 (3) (89 SE 680); *Rice-Stix Dry Goods Co. v. Friedlander Brothers,* 30 Ga. App. 312 (117 SE 762)." *Horkan v. Great American Indem. Co.,* 211 Ga. 690 (5) (88 SE2d 13).

Those paragraphs of the second count of plaintiff's petition which sought interest for the unpaid balance from the date of purchase until the time of filing suit were not subject to the defendant's demurrers attacking such allegations as conclusions not supported by the facts alleged.

2. The plaintiff's petition as originally filed sought to recover on a note. The petition was amended to show that the note was given as "evidence of an indebtedness" on an open account, and a second count was added whereby the plaintiff sought to recover the balance due on the open account.

"A suit on a note and one on an open account are both ex contractu actions and may be joined in a single action." *Braswell v. Hodges,* 95 Ga. App. 231, 232 (97 SE2d 588).

The amendment setting forth the circumstances surrounding the execution of the note did not constitute the pleading of evidence, but was the mere amplification of the transaction set forth in the original petition (see in this connection *Woodruff v. Hennessy,* 210 Ga. 819, 822, 82 SE2d 863), and the addition of the second count seeking to recover on the open account was not an attempt to set forth a new cause of action. *Johnson v.*

312

*Young,* 79 Ga. App. 276 (53 SE2d 559), and citations; *W. T. Rawleigh Co. v. Overstreet,* 71 Ga. App. 873 (5) (32 SE2d 574). The trial court did not err in overruling grounds 3 and 5 of the defendant's demurrers.

3. A demurrer which fails to point out wherein a particular allegation is irrelevant, immaterial, etc., is altogether too vague and general to be considered. See *Gay v. Healan,* 88 Ga. App. 533, 537 (77 SE2d 47); *Glens Falls Indem. Co. v. Canal Ins. Co.,* 93 Ga. App. 588 (92 SE2d 580). Therefore, ground 4 of defendant's demurrers which attack a paragraph of the plaintiff's petition as being irrelevant and immaterial to the plaintiff's cause of action, was properly overruled.

4. Each count of plaintiff's petition set forth a cause of action and the trial court did not err in overruling the defendant's general demurrers.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*