A91A1932. TURNER CONSTRUCTION COMPANY et al. v. ELECTRICAL DISTRIBUTORS, INC.

(415 SE2d 325)

SOGNIER, Chief Judge.

Electrical Distributors, Inc. ("EDI"), a supplier to a subcontractor on a large commercial construction project, brought suit on a lien bond against Turner Construction Company, the successor in interest to the general contractor, and Federal Insurance Company, the surety on the bond obtained by Turner to discharge the lien filed by EDI. The parties filed cross motions for summary judgment, and the trial court granted summary judgment to the defendants. EDI appealed to this court and we reversed, holding that the trial court erred by denying summary judgment to EDI. *Electrical Distributors v. Turner Constr. Co.*, 196 Ga. App. 359 (395 SE2d 879) (1990). On remittitur, the trial court entered judgment for EDI in the principal amount of $117,538.58 plus prejudgment interest of $95,500.31 (calculated at 18 percent per annum from the date the obligation became due). Turner and Federal Insurance appeal the award of prejudgment interest.

1. We first address appellee's contention that appellants should have raised the issue of appellee's entitlement to prejudgment interest in the prior appeal and accordingly are barred from enumerating that ruling as error in this appeal. We do not agree with appellee's argument, for the judgment appealed from in the prior case did not award appellee prejudgment interest; it was in favor of the parties who are now appellants in this appeal. Appellants could not challenge the ruling from which they now seek relief because it was not entered until *after* the prior appeal was concluded. See OCGA § 5-6-34 (a), (d) (defines appealable judgments and delineates matters that may be considered as part of an appeal). Contrary to appellee's argument, nothing in our code or rules requires the losing party in an appeal to file a motion for reconsideration to challenge rulings that might be entered on remittitur in response to this court's holding on appeal.

2. With regard to the merits of their appeal, appellants first contend that the materialman's lien laws, OCGA § 44-14-360 et seq., set forth appellee's exclusive remedies, and that since the lien statutes do not expressly provide for an award of prejudgment interest the trial court's ruling was in error. The question of appellee's entitlement to prejudgment interest is controlled adversely to appellants by the Supreme Court's decision in *Horkan v. Great Am. Indem. Co.*, 211 Ga. 690-691 (5) (88 SE2d 13) (1955), in which the court held that lien claimants are entitled to prejudgment interest at the statutory rate of

seven percent per annum on all liquidated claims. Although the *Horkan* court did not address all of the arguments raised by appellants in the case sub judice, we are bound by that ruling, and any challenges to the rationale in *Horkan* may be addressed only by the Supreme Court.

3. Appellants next contend that if we find, as we did in Division 2, that *Horkan* is controlling, we should limit the interest awarded to the rate of seven percent per annum under OCGA §§ 7-4-15, 7-4-2 (a) (1) (A) (prejudgment interest on liquidated sums) rather than the rate of one-and-one-half percent per month specified in OCGA § 7-4-16 for commercial accounts.

OCGA § 7-4-16 authorizes the "owner" of a "commercial account" to charge such interest on past due amounts. "Commercial account" is defined as "an obligation for the payment of money arising out of a transaction to sell or furnish, or the sale of, or furnishing of, goods or services." Here, although the sums owed to appellee arose out of the furnishing of goods to the electrical subcontractor on the project, they did not arise out of the furnishing of goods by appellee to *appellants*. Appellee's action against appellants is based not on its commercial account with the electrical subcontractor but on its rights under the lien bond — that is, its rights as a lien claimant. See OCGA § 44-14-364 (a); see also *North v. Waffle House*, 177 Ga. App. 162, 163 (1) (338 SE2d 750) (1985). Accordingly, appellants' liability does not arise out of their failure to pay any amounts they owed to appellee on a commercial account, and OCGA § 7-4-16 thus is not applicable. *Race, Inc. v. Wade Leasing*, 201 Ga. App. 340, 342 (3) (411 SE2d 56) (1991). The case cited by appellee, *Sunderland v. Vertex Assoc.*, 199 Ga. App. 278, 282 (3) (404 SE2d 574) (1991), does not require a contrary result, as our review of the record in that case discloses that the issue addressed here was neither raised by the parties nor considered by the court in *Sunderland*.

A sum is liquidated when it is certain how much is due and when it is due. Id. Since this court decided in the prior appeal that appellee's claim for $117,538.58 was undisputed, *Electrical Distributors*, supra at 365, appellee is entitled to prejudgment interest pursuant to OCGA §§ 7-4-15, 7-4-2 (a) (1) (A) at the rate of seven percent per annum from the date the debt became due. Consequently, we affirm the judgment below but with direction that the award of interest in excess of seven percent per annum be written off; otherwise, we reverse.

*Judgment affirmed with direction. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 7, 1992.

Alston & Bird, John I. Spangler III, Matthew H. Triggs, for appellants.

Bovis, Kyle & Burch, John M. Bovis, Terry E. Freeman, for appellee.